Guardianship of SCHOTT: KLABACKA, Appellant, v. SCHOTT, Guardian, and another, Respondents.

*March 3—March 31, 1964.*

For the appellant there was a brief by *Jack McManus* and *J. Philip Elliott, Jr.,* both of Madison, and oral argument by *Mr. McManus.*

For the respondents there was a brief by *William D. Byrne,* district attorney of Dane county, and *James A. Crandall,* assistant district attorney, and oral argument by *Mr. Crandall.*

HALLOWS, J. The appeal raises the question of the reasonableness of the 33⅓ percent contingent-fee contract for the legal services rendered on behalf of the injured incompetent in the negligence case. The appellant advances two propositions: (1) That in a negligence case a contingent-fee contract for one third of the gross recovery under any condition is reasonable, and (2) substantially all preparation for trial had been made and under the State Bar schedule of minimum fees he was entitled to 33⅓ percent.

When the contract was entered into Mrs. Louise Schott was not the guardian of her son and after she was appointed guardian the contingent-fee contract was not presented to the court for approval. The appellant has disclaimed, however,

any claim for reimbursement from Mrs. Schott personally. While a guardian may employ an attorney to collect funds belonging to the estate of the ward,[1] which attorney may be of the guardian's choosing,[2] the necessity of the attorney's services and the amount of his fee are subject to the determination of the court having jurisdiction of the guardianship. See 25 Am. Jur., Guardian and Ward, p. 63, sec. 97. Attorney's fees under sec. 319.24, Stats., are considered an expense of the guardian and are allowed in a reasonable amount in his account if the legal services were necessary for the proper performance of the guardian's duty.[3] This was the rule prior to the existence of the present language of the section.[4] The contract, being a contingent one, is also subject to court supervision for that reason. The Canons of Professional Ethics were adopted by this court as standards governing the practice of the law.[5] Canon 13 provides a contingent-fee contract "should be reasonable under all the circumstances of the case, including the risk and uncertainty of the compensation, but should always be subject to the supervision of a Court, as to its reasonableness."

The reasonableness of the contingent-fee contract concerns not only the percentage of recovery designated as the fee but also the conditions and contingencies upon which such percentage is considered earned. Klabacka's contract

---

[1] *Abrams v. United States Fidelity & Guaranty Co.* (1906), 127 Wis. 579, 106 N. W. 1091.

[2] *Guardianship of Barnes* (1957), 275 Wis. 356, 82 N. W. (2d) 211.

[3] "319.24 COMPENSATION ALLOWED FROM ESTATE. (1) *Fees and expenses of guardian.* Every guardian shall be allowed the amount of his reasonable expenses incurred in the execution of his trust including necessary compensation paid to attorneys, accountants, brokers and other agents and servants. He shall also have such compensation for his services as the court, in which his accounts are settled, deems to be just and reasonable."

[4] *Guardianship of Henes* (1941), 236 Wis. 635, 296 N. W. 60; *Guardianship of Messer* (1943), 242 Wis. 66, 7 N. W. (2d) 584.

[5] State Bar Rules, Rule 9 (1956), 273 Wis. p. xi at p. xx.

contained no provision for a fee of less than 33⅓ percent under any condition. The county court was not bound to approve such a contract. In a guardianship, a contingent fee, regardless of the percentage, must be tested for reasonableness in view of the actual circumstances under which the successful services were rendered and certainly to some extent by the various elements which go into determining a reasonable fee under Canon 12 of the Canons of Professional Ethics and the rules laid down in *Touchett v. E Z Paintr Corp.* (1961), 14 Wis. (2d) 479, 111 N. W. (2d) 419, and *Conway v. Sauk County* (1963), 19 Wis. (2d) 599, 120 N. W. (2d) 671.

Neither the circuit court nor the county court considered the appellant had performed sufficient services to entitle him to a 33⅓ percent. The county court relied on the minimum-fee schedule of the State Bar of Wisconsin which recommends in negligence-damage cases a contingent fee of 25 percent where settlement is made before commencing suit or after commencing suit but before trial preparation, and 33⅓ percent after trial preparation is commenced, and 40 percent after appeal to a supreme court.

Appellant claims he was prepared for trial and the matter was settled at a pretrial conference. The record is to the contrary. The only proof of preparation for trial was the statements of counsel to the general effect he was prepared. At no time did counsel detail what he did or the time spent. Evidently, counsel had no real intention of trying the case for he testified it was such that only an idiot would have tried it.

We are given the impression, in the brief and upon oral argument, the settlement was made at a pretrial conference,[6]

---

[6] Rule 17 of the Rules of Practice of the circuit court for Dane county provides for a four-week notice of a pretrial for purposes of sec. 269.65, Stats., and such conference is to be held at least two weeks prior to placement of the case on the weekly trial calendar.

implying a vast amount of work was done preparing for the actual trial of the cause. The record does not sustain such contention or implication. A pretrial conference in the statutory sense was scheduled to be held the following month. The hearing the appellant's counsel refers to as a pretrial conference was a hearing upon an application for the approval of the settlement under Rule 12 of the court practice rules. An attorney, to sustain a particular percentage of a contingent-fee contract in a guardianship matter, must be prepared to prove the elements of reasonableness including the nature and amount of his work which will justify the percentage in its application to the facts and should not rely on the proposition that all contingent-fee contracts are necessarily reasonable because of the risk involved to the attorney.

We find no error or abuse of discretion by either the circuit court or the county court in limiting the appellant's fee to 25 percent of the gross recovery although his contract called for 33⅓ percent. The denial of the one-third fee under the circumstances was not unreasonable. We do not imply, however, that a court would abuse its discretion in approving a one-third fee under a contingent-fee contract although a suit had not been started or if started preparation for trial had not been completed.

*By the Court.*—Order affirmed.