IN RE ESTATE OF TROJAN, Deceased: TROJAN, Appellant, v. TROJAN, and others, Respondents.

*No. 75–107. Submitted on briefs March 30, 1977.—*
*Decided July 1, 1977.*
(Also reported in 255 N. W. 2d 305.)

For the appellant the cause was submitted on the brief of *Bernard F. Mathiowetz* of Milwaukee.

For Amy Trojan, personal representative of the estate of Walter G. Trojan, the cause was submitted on the brief of *Robert J. Beaudry,* attorney, of West Allis, and *Kenneth J. Murray,* of counsel, of Milwaukee, and *Roland J. Steinle, Jr.,* of counsel, of Cedarburg.

For Raynald F. Trojan and Amy Trojan, personal representatives of the estate of Sadie Trojan, the cause was submitted on the brief of *deVries, Vlasak & Schallert, S.C.* of Milwaukee.

*PER CURIAM.* This is an appeal from parts of three orders dealing with the determination and approval of attorney and guardian *ad litem* fees in the probate of the estate of Walter G. Trojan. The original probate proceedings included a hearing on objections to admission of the will and the determination of issues of heirship involving a Mexican divorce secured by testator's wife. After this divorce a compromise agreement between the parties involved was entered into and was followed by a hearing on setting aside the compromise, which was a matter of prior appeal to this court. *See: Estate of Trojan,* 53 Wis.2d 293, 193 N.W.2d 8 (1972).

The challenge on appeal in the instant case—as it was in the trial court—is to fees approved by the probate judge for legal services performed by the following: the attorney for the personal representative, the attorney for the co-conservators, the guardian *ad litem* for the minor child of the testator, and the attorneys for the general guardian of the minor child.

Appellant contended at the trial court level, not that the trial court erred in finding the fees for legal services to be reasonable, but rather that the fees were not payable from the estate. On appeal, as to the attorney for the estate, appellant contends that a time assertion of 500 hours is not warranted upon the record and a fee predicated thereon should not be sustained.

In determining the reasonableness of attorney fees when challenged on appeal, factors to be considered include the ". . . amount and character of the services rendered, the labor, the time, and trouble involved, the character and importance of the litigation. . . ." *Herro, McAndrews & Porter v. Gerhardt,* 62 Wis.2d 179, 184, 214 N.W.2d 401 (1974). At the trial court hearing on

fees, the estate attorney testified that he charged for 500 hours and submitted a statement as to dates on which particular services were performed. He further testified that he did not charge for all services performed. The trial court finding that 500 hours were spent, and necessarily so, in handling the varied proceedings including an appeal to this court, will not be set aside on appeal by this court.

However the basic challenge to the allowance of the fee of the attorney for the estate, as well as to the fees approved for the attorney who represented co-conservators in the proceedings and earlier appeal, is that, once the compromise agreement was reached, they represented Amy Trojan, not in her role as personal representative of the estate, but rather in her role as co-conservator of the estate of Amy's and Walter's mother, Sadie Trojan. No evidence is offered in support of this contention.

It may be true that much of the legal work which was required following the compromise involved litigation and an appeal seeking the overturn of the compromise. However the moving force opposing the compromise was the appellant. The personal representative was authorized by statute to compromise a controversy. Sec. 879.59, Stats. Opposition to appellant's efforts to nullify the compromise and close the estate were proper endeavors of the personal representative and her counsel.

As to the fees approved and allowed to the attorney who represented the co-conservators and personal representatives of the mother Sadie's estate, the controlling statute provides that as to prevailing parties in all appealable contested matters and to unsuccessful con-

testants in certain situations, reasonable attorney fees may be awarded "out of the estate." Sec. 879.37, Stats. Sadie Trojan, the mother of the decedent, was party to the original compromise agreement. When the trial court here vacated the compromise, the administrators of her estate appealed. The order vacating the compromise was reversed. *Estate of Trojan, supra.* At that time her personal representatives or administrators became the prevailing parties, and the trial court here was permitted by statute to award fees for legal services to counsel of the prevailing party out of this estate.

As to fees approved by the personal representative and found reasonable by the trial court for the attorney of the general guardian of the minor child involved and the guardian *ad litem* for such child, the objection on this appeal is to the services performed, not to the reasonableness of the fee on a per hour basis. As to the guardian *ad litem's* services, appellant contends that the "[r]esult thus far precludes the child he represented from receiving that which is provided her by law."

Thus, as she has at every opportunity in this protracted litigation, appellant again attempts to challenge the validity of the compromise agreement between the parties. Appellant relies on *McGovern v. Eckhardt,* 200 Wis. 64, 227 N.W. 300 (1929), for the proposition that we may now consider questions raised and answered in the previous appeal to this court. However, we will only take such extraordinary action where the former adjudication was premised on error, or where justice otherwise requires it. *See, McGovern v. Eckhardt, supra,* at 75–77. No such situation is here present. The matter of the compromise agreement has been fully litigated, and decided on appeal by this court. *Estate of Trojan,*

*supra.* An appeal of a court order approving fees for legal services of a guardian *ad litem* and the attorney for a general guardian is not to be used as a motion for rehearing of a 1972 decision of this court, years after a first motion for such rehearing was denied.

*By the Court.*—Orders affirmed.