In the MATTER OF the ACQUISITION OF CERTAIN LANDS OF & OWNED BY Brian D. BENSON and Roxanne Reynolds, for a Site for Public Parking:

CITY OF LA CROSSE, Appellant,

v.

Brian D. BENSON, Respondent.

Court of Appeals

*No. 80–1494. Submitted on briefs January 8, 1981.*
*—Decided March 20, 1981.*
(Also reported in 305 N.W.2d 184.)

For the appellant the cause was submitted on the briefs of *David L. Lange,* assistant city attorney, of La Crosse.

For the respondent the cause was submitted on the brief of *Michael C. Ablan* and *Joanis, Davis, Ablan & Joanis* of La Crosse.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

DYKMAN, J. Brian Benson owned land and a building in the City of La Crosse which he leased to Roxanne Reynolds. Reynolds owned nonremovable fixtures and personal property in the building which the parties agree were worth $7,641.

In 1979, the city decided to acquire the property for a parking lot. On August 17, 1979, the city attorney wrote a letter to Benson making an offer of $25,200 on behalf of the city for the property and fixtures pursuant to sec. 32.06(2a), Stats. That offer was not accepted. The city attorney made a new offer of $32,000 "for your land and building" by a letter dated November 15, 1979, also pursuant to sec. 32.06(2a). The letter was addressed to Benson and did not mention fixtures or personal property. That offer was also refused.

Formal condemnation proceedings were instituted by a jurisdictional offer in the amount of $32,841. The jurisdictional offer was addressed to both Benson and Reynolds. It stated that the sum offered "includes tenant owned Immovable Fixtures of $7,641 as set forth in Exhibit A." The condemnees did not accept the jurisdictional offer and the city petitioned the circuit court for a determination of just compensation pursuant to sec. 32.06(3), Stats.

The condemnation commission returned an award of compensation in the amount of $37,500. Although the award is addressed to both Benson and Reynolds, Benson states in his brief on appeal that the award was solely for his fee simple interest in the premises. This fact is not disputed by the city. No appeal was taken from the award.

On June 16, 1980, Benson's attorney moved the circuit court for payment by the city of Benson's litigation expenses pursuant to secs. 32.28(1) and (3)(d), Stats. The court awarded reasonable litigation expenses of $3,946 to Benson and the city appealed.

The city does not challenge the amount of the expenses but contends that Benson is not entitled to any litigation expenses because the conditions of sec. 32.28(3)(d), Stats., have not been satisfied. That section provides:

(3) In lieu of costs under ch. 814, the court shall award litigation expenses to the condemnee if:

. . . .

(d) The award of the condemnation commission under s. 32.05(9) or 32.06(8) exceeds the jurisdictional offer or the highest written offer prior to the jurisdictional offer by at least $700 and at least 15% and neither party appeals the award to the circuit court.

The city assumes that the last written offer of $32,000 prior to the jurisdictional offer is the proper figure for comparison under sec. 32.28(3)(d), Stats.[1] The city argues that the 15 percent is applied to the commission's award. The award would then not exceed the jurisdictional offer by 15 percent because 15 percent of $37,500 (the award) is $5,625 and the difference between $32,000 (the highest written offer) and $37,500 is $5,500.

Next the city contends that the word "and" in the phrase "by at least $700 and at least 15%" in sec. 32.28 (3)(d), Stats., means that the 15 percent and $700 must be cumulative. Thus, even if the 15 percent is calculated on the highest written offer ($32,000), the 15 percent ($4,800) plus $700, a total of $5,500, does not exceed the $5,500 difference between the award and the highest written offer.

---

[1] According to the city, the November 15, 1979 offer to Benson in the amount of $32,000 was only for his interest in the land and buildings and did not include Reynolds' interest in the nonremovable fixtures.

Benson takes issue with the city's assumption that the $32,000 amount is the correct figure for comparison. According to Benson, that amount includes an unstated amount for Reynolds' leasehold interest. Benson also disputes the city's position that the statutory 15 percent must be applied to the award, and that the 15 percent and $700 are cumulative.

There are no findings of fact by the trial court. The parties disagree as to whether the November 15, 1979 offer to Benson in the amount of $32,000 was for his interest only or whether it also included Reynolds' interest. This court is prohibited from finding facts. *Wurtz v. Fleischman,* 97 Wis.2d 100, 107 n. 3, 293 N.W. 2d 155, 159 (1980). However, we can resolve the proper method of calculation on appeal because sec. 32.28(3)(d), Stats., required the trial court to award litigation expenses even if the city's highest written offer of $32,000 were solely for Benson's interest.

Section 32.28(3)(d), Stats., is unambiguous on the question whether the 15 percent should be applied to the condemnation commission's award or either the jurisdictional offer or the highest written offer. The statute provides that litigation expenses shall be awarded when "the award of the condemnation commission . . . exceeds the jurisdictional offer or the highest written offer . . . by . . . at least 15%." The plain meaning of that provision is that the award must exceed *either* the jurisdictional offer by 15 percent of the jurisdictional offer *or* the highest written offer by 15 percent of the highest written offer.

The question whether the $700 and the 15 percent are cumulative or to be considered separately is less clear. In that respect the statute is ambiguous.[2]

---

[2] A statute "is ambiguous when capable of being interpreted by reasonably well-informed persons in either of two or more senses."

We may apply extrinsic aids to construe ambiguous statutes. *Wirth v. Ehly,* 93 Wis.2d 433, 441–42, 287 N.W. 2d 140, 144 (1980). The history of sec. 32.28(3)(d), Stats., though not conclusive as to its meaning, is helpful.

Section 32.28(3)(d), Stats., was introduced in 1977 as a part of Assembly Bill 1077. The section then read:

(3) . . . the court shall award litigation expenses to the condemnee whenever:

. . . .

(d) The award of the condemnation commission under ss. 32.05(9) or 32.06(8) exceeds the jurisdictional offer by at least 10% and neither party appeals the award to the circuit court . . .

Assembly Amendment 2 to Assembly Substitute Amendment 1 to Assembly Bill 1077 (1977), changed sec. 32.28(3)(d), Stats., to read:

(3) . . . The court shall award litigation expenses to the condemnee whenever:

. . . .

(d) The award of the condemnation commission under ss. 32.05(9) or 32.06(8) exceeds the jurisdictional offer by at least $1,000 and at least 10% and neither party appeals the award to the circuit court . . . .

Assembly Amendment 1 to Assembly Amendment 2 to Assembly Substitute Amendment 1 to Assembly Bill 1077 (1977) substituted $700 for $1,000.

Assembly Amendment 6 to Assembly Substitute Amendment 1 to Assembly Bill 1077 (1977) changed sec. 32.28(3)(d), Stats., to read:

(3) . . . The court shall award litigation expenses to the condemnee whenever:

. . . .

*Wis. Bankers Ass'n v. Mut. Savings & Loan,* 96 Wis.2d 438, 450, 291 N.W.2d 869, 875 (1980). Because the statute could be interpreted by reasonably well-informed persons in either of the senses urged by Benson and the city, it is ambiguous.

(d) The award of the condemnation commission under ss. 32.05 (9) or 32.06 (8) exceeds the jurisdictional offer or the highest written offer prior to the jurisdictional offer by at least 10% and neither party appeals the award to the circuit court.

Changes to Assembly Bill 1077 (1977) in the Senate substituted 15 percent for the 10 percent originally found in Assembly Bill 1077.

We recognize the rule that statutes allowing the taxation of costs against the sovereign are in derogation of the common law and must be given a strict construction. *Martineau v. State Conservation Comm.,* 54 Wis.2d 76, 80, 194 N.W.2d 664, 666 (1972). We are also to interpret statutes to avoid an absurd or unreasonable result, *Braun v. Wisconsin Electric Power Co.,* 6 Wis.2d 262, 268, 94 N.W.2d 593, 596 (1959), and so that no part is rendered surplusage, *Donaldson v. State,* 93 Wis.2d 306, 315, 286 N.W.2d 817, 821 (1980).

The legislative purpose in adding the words "$700 and at least" to Assembly Bill 1077 must have been to discourage matters of small economic significance from being litigated. Had the legislature intended that a municipality enjoy a somewhat larger margin within which to negotiate, the percentage comparison could have been increased. That very thing was done when Assembly Bill 1077 was acted on by the senate. The legislative purpose in providing litigation expenses to a claimant who improves a municipality's highest written offer or jurisdictional offer by at least 15 percent is to encourage the municipality to engage in meaningful negotiations. The 15 percent and the $700 serve different functions and are thus intended to be considered separately. The difference between the award and either offer must meet both the $700 test and the 15 percent test, but the two are not cumulative.

Using the figures most beneficial to the city, the calculations become: $37,500 (award) minus $32,000 (highest written offer, using city's figures) equals $5,500. Fifteen percent of $32,000 equals $4,800. The award exceeds the highest written offer by $5,500, which is more than 15 percent of the highest written offer and more than $700.[3]

Using the figures most beneficial to the city, the statute as we have interpreted it requires the result reached by the trial court. We therefore affirm its order.

*By the Court.*—Order affirmed.

---

[3] The award also exceeds the jurisdictional offer by more than 15 percent of the jurisdictional offer and by more than $700. We need not consider this comparison because the test is in the alternative.