Karl W. KLUENKER and Dorine Kluenker, his wife,
Plaintiffs-Respondents,

v.

STATE of Wisconsin, Department of Transportation,
Defendant-Appellant.

Court of Appeals

*No. 81–2439. Submitted on briefs September 2, 1982.—
Decided November 4, 1982.*
(Also reported in 327 N.W.2d 145.)

For the defendant-appellant the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Donald W. Smith,* assistant attorney general.

For the plaintiffs-respondents the cause was submitted on the brief of *Gary L. Bendix* of *Muchin, Muchin & Bendix, S.C.* of Manitowoc.

Before Voss, P.J., Brown and Scott, JJ.

BROWN, J.    In this appeal of a condemnation case, the Department of Transportation challenges the trial court's computation of both attorney's and appraiser's fees following a jury trial.  While there is no dispute that the condemnor, in this case, is responsible for payment of all litigation expenses over and above the final award, the state maintains it is only responsible for attorney's fees incurred between the time of the jurisdictional offer and the final award.  We agree that the trial court erred by holding the state responsible for attorney time dating from the negotiation stage, long before the jurisdictional offer.  However, the state also maintains that if the fees are to be computed on the basis of a contingent fee agreement, they may not reasonably be based upon the award *plus the interest* accorded to the condemnee, nor can they be, in any case, grounded upon a contingent fee percentage as high as forty percent, nor can appraisal fees include the time spent by an appraiser advising the condemnee during the course of trial.  We disagree with the state on these remaining issues.

In August 1974, the state offered Karl and Dorine Kluenker $23,800 for a parcel of land.  The Kluenkers

employed the law firm of Muchin, Muchin and Bendix, S.C. to represent them in negotiations concerning the land and, if necessary, any condemnation proceedings. The Kluenkers and Muchin entered into an oral contingent fee contract which provided that Muchin would be entitled to twenty-five percent of the amount recovered for the land in excess of the original offer, thirty-three percent of the amount recovered if there was a hearing or trial, and forty percent of the amount recovered if there was an appeal of any kind.

On February 4, 1977, the state sent the Kluenkers a jurisdictional offer to purchase required by sec. 32.05 (3), Stats., offering $29,500 for the land. The jurisdictional offer expired on February 25, 1977, and the "basic award" of $29,500 was served on the Kluenkers pursuant to sec. 32.05(7) (b), Stats., and recorded as required in sec. 32.05(7) (c), Stats.

The Kluenkers proceeded to a hearing before the county condemnation commission, and the commission increased the award to $32,650. The Kluenkers then appealed the condemnation commission award to the circuit court. At trial, the jury returned a verdict of $44,000. The trial judge signed the judgment awarding the Kluenkers this amount plus statutory interest under sec. 32.05 (10) (b), Stats.

After trial, the Kluenkers filed a bill of costs requesting $11,069.07. Included in this total were attorney's fees of $8,561.08. This represented forty percent of the difference between the final award of $44,000 and the negotiation stage offer of $23,800 plus interest. Also included were appraisal fees of $1,864. The state objected to the bill submitted by the Kluenkers. The trial court, after a hearing on the matter, denied the state's objection and awarded costs in the full amount requested by the Kluenkers.

The state first argues that an "award increase" of $14,500 should have been the basis for computation of attorney's fees, rather than the trial court's figure of $20,200. The $14,500 would give the attorney a percentage of the difference between the final award of $44,000 and the jurisdictional offer of $29,500. The state asserts that attorney's fees incurred prior to the date of the jurisdictional offer are not the statutory obligation of the state. We conclude that the plain meaning of the statute precludes a condemnor from responsibility for attorney's fees incurred prior to the jurisdictional offer.

The construction of a statute is a question of law. *State v. Clausen,* 105 Wis. 2d 231, 243, 313 N.W.2d 819, 825 (1982). The primary source used to construe a statute is the language of the statute itself. *Monson v. Monson,* 85 Wis. 2d 794, 800, 271 N.W.2d 137, 140 (Ct. App. 1978). Statutes allowing the taxation of costs against the sovereign are in derogation of the common law and must be given a strict construction. *City of La Crosse v. Benson,* 101 Wis. 2d 691, 697, 305 N.W.2d 184, 187 (Ct. App. 1981).[1]

Section 32.28(1), Stats., provides:

(1) In this section, "litigation expenses" means the sum of the costs, disbursements and expenses, including

---

[1] Although *Benson* is cited by both parties in their briefs, it is not argued by either party as authority for determining when attorney's fees begin to be computed. The parties are correct in their reading of *Benson. Benson* analyzed sec. 32.28(3), Stats., and described the *conditions* which must be present before a court may award litigation expenses. This case deals with how the litigation expenses are to be computed, an entirely different issue. In fact, the *Benson* court expressly disavowed the correctness of the litigation expense computation as an issue in the case by stating: "[T]he [condemnor] does not challenge the amount of the [litigation] expenses . . . ." *Benson,* 101 Wis. 2d at 694, 305 N.W.2d at 186.

reasonable attorney, appraisal and engineering fees necessary to prepare for or participate in actual or anticipated proceedings before the condemnation commissioners, board of assessment or any court under this chapter or chapter 275, laws of 1931, as amended (Kline Law).

The Kluenkers argue that this section permits recovery of attorney's fees from the date the state made its original offer. We disagree, for prior to the date of making the jurisdictional offer, there were no "actual" proceedings before the commission or court. Nor could proceedings have been "anticipated" prior to that date.

Since there is no official completive action in a condemnation case until the jurisdictional offer, it follows that a condemnee cannot be certain of a condemnor's position until that juncture. Only then does the expectation of appeal to a commission accrue, not when the preliminary negotiations are set in motion which may or may not ultimately prove unsatisfactory.

The trial court's construction of sec. 32.28, Stats., if carried to its logical conclusion, could lead to a result inconsistent with the express language of the statute. The court stated in its decision that it was "not require[d] . . . to arbitrarily pick or point between the beginning and the end of the continuing events involved in this litigation and measure the result of counsel's services from that point. . . . Counsel is entitled to recover for their services from the beginning to the conclusion." Were the trial court's reasoning accepted, it would necessarily follow that condemnees are entitled to attorney's fees in any case where no appeal is taken from the basic award. This is a result clearly inconsistent with the statutory language. None of the subsections of sec. 32.28 (3), Stats., provide for the recovery of attorney's fees when there has not been any proceeding before the commission or a court. We cannot assume the legislature intended attorney's fees be recoverable in circumstances other than those expressly mentioned. *See Teamsters*

*Union Local 695 v. County of Waukesha*, 57 Wis. 2d 62, 66–67, 203 N.W.2d 707, 709–10 (1973). This would be an unreasonable construction, and we must construe statutes to avoid unreasonable or absurd results. *Keithley v. Keithley*, 95 Wis. 2d 136, 138, 289 N.W.2d 368, 370 (Ct. App. 1980).

Because the plain meaning of the statute is that attorney's fees incurred prior to the date of the jurisdictional award are not "litigation expenses" within sec. 32.28, Stats., and because the trial court's construction could lead to results inconsistent with the express language of the statute, it was improper to award attorney's fees for the period prior to the date of the jurisdictional award.[2] The correct "award increase" is $14,500, which represents the difference between the final award and the jurisdictional offer.

The second argument of the state is that the attorney's fees award must be based upon the increase in the award alone, not on the award plus the interest. The trial court awarded the Kluenkers $986.08 in interest under sec. 32.05(10)(b), Stats. The trial court added this amount before computing the attorney's fees, and we hold that the trial court was correct. Interest is not punitive, but compensatory. Its purpose is to indemnify the claimant for loss of what the moneys due him would presumably have earned if payment had not been delayed. *See Busick v. Levine*, 307 A.2d 571, 575 (N.J. 1973). The state has had the use from the date of taking, and the condemnee has not, of moneys which the judgment finds was the damage condemnee suffered. *Id.* Since interest is a compensatory amount recovered and since the contingent fee contract provided that Muchin would receive a per-

---

[2] This is not to say that an attorney cannot charge for time and expenses prior to the jurisdictional offer. That, however, is solely between attorney and client. A condemnor is not responsible for these fees.

centage of the amount recovered, interest was properly added in the attorney's fees computation.

The state next argues that the contingent fee rate of forty percent used by the trial court to compute attorney's fees was unreasonable. We disagree. Based on the contingent fee arrangement, the trial court ruled Muchin was entitled to an amount equal to forty percent of the award increase. The court said the contingent fee arrangement was reasonable because the case required extensive preparation, resulted in proceedings before the commission and an appeal to the circuit court, and involved complex questions of fact. The court also noted that the attorney achieved positive results at each stage of the litigation.

Section 32.28 (1), Stats., states that litigation expenses include "reasonable" attorney's fees. In determining the reasonableness of the attorney's fees when challenged on appeal, factors to be considered include the amount and character of the services rendered, the labor, time and trouble involved, and the importance of the litigation. *In re Estate of Trojan,* 79 Wis. 2d 3, 5, 255 N.W.2d 305, 306 (1977). The court may also consider the professional skill and experience called for, the standing of the attorney in his profession, and the pecuniary benefit derived from his services. *State v. Sidney,* 66 Wis. 2d 602, 607, 225 N.W.2d 438, 441 (1975). An attorney, to sustain a particular percentage of a contingent fee contract, must be prepared to prove the elements of reasonableness that will justify the percentage in its application to the facts. *Klabacka v. Schott,* 23 Wis. 2d 213, 218, 127 N.W.2d 19, 22 (1964). Courts will refuse to enforce any contract that calls for clearly excessive or unreasonable fees. *Herro, McAndrews & Porter, S.C. v. Gerhardt,* 62 Wis. 2d 179, 182, 214 N.W.2d 401, 402 (1974).

A determination concerning the reasonableness of attorney's fees is a finding of fact. *Gerhardt,* 62 Wis. 2d

at 183, 214 N.W.2d at 403. The general rule is that a trial court's finding of fact will not be disturbed unless contrary to the great weight and clear preponderance of the evidence. *Mohr v. City of Milwaukee,* 106 Wis. 2d 80, 91, 315 N.W.2d 504, 509 (1982). An exception to this rule exists with regard to determinations of the value of legal services. This is because the value of legal services is reviewed on appeal by judges who have expert knowledge as to the reasonable value of such services. *Gerhardt,* 62 Wis. 2d at 183–84, 214 N.W.2d at 403–04.

We have independently reviewed the record. We agree with the conclusion reached by the trial court concerning the reasonableness of the forty percent figure. Muchin's records show that after February 1977, the firm devoted well in excess of 150 hours to the case. It appears that the valuation of the land was a complex factual question. Muchin's efforts resulted in an increase in the award at each step of the litigation. Further, the rate charged here is not significantly different from the rate the state argues is common in the area. The forty percent rate is not unreasonable.[3]

Finally, the state argues that the appraisal fees awarded were excessive. It contends the trial court erred by ordering the state to pay the appraiser for the time spent in an advisory capacity to the condemnee during most of the trial. We believe otherwise. This case presented a complex factual question regarding the valuation of land, one in which the appraiser could give trial counsel expert technical assistance. Complex condemnation cases have the capacity to take up a great deal of time on the trial court calendar. If expert technical assistance will help reduce the delay in implementing clarity of the factual record and if it improves jury awareness of the

[3] We do not hold that forty percent is proper in every condemnation case. Each case is dependent upon its own particular facts and circumstances.

issues, it improves the administration of justice and inures to the benefit of all parties involved.

The reasonableness of an appraisal fee is a finding of fact and will not be disturbed unless contrary to the great weight and clear preponderance of the evidence. *See Mohr v. City of Milwaukee,* 106 Wis. 2d at 91, 315 N.W.2d at 509. Here, the trial court found that a $1,684 appraisal fee was reasonable. For the reasons set forth above, we agree and note also that the figure is not significantly different from the appraisal fees charged in condemnation cases cited by the state in its objection to the bill of costs.

The trial court awarded the Kluenkers $986.08 in interest under sec. 32.05(10)(b), Stats. Forty percent of this figure is $394.43. Forty percent of the relevant award increase of $14,500 is $5,800. The Kluenkers are entitled to the sum of these amounts, or $6,194.43, in attorney's fees.

*By the Court.*—Judgment modified, and as modified, affirmed.