D.S.G. Evergreen F.L.P., Voss Farms, LLC,
D.S.G. Evergreen F.L.P. and Voss Farms, LLC, as
Tenants in Common, Plaintiffs-Appellants,†

v.

Town of Perry, Defendant-Respondent.

Court of Appeals

*No. 2006AP585. Submitted on briefs November 7, 2006.
—Decided March 1, 2007.*

2007 WI App 115

(Also reported in 731 N.W.2d 667.)

† Petition to review denied 9/10/07.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *John A. Kassner* and *Matthew J. Fleming* of *Murphy Desmond, S.C.*, Madison.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Glenn C. Reynolds* of *Reynolds & Associates*, Madison.

Before Lundsten, P.J., Dykman and Higginbotham, JJ.

¶ 1. DYKMAN, J. D.S.G. Evergreen F.L.P. and Voss

Farms, LLC (collectively "D.S.G.") appeal from an order awarding D.S.G. litigation expenses D.S.G. incurred when the Town initiated and then abandoned proceedings to condemn D.S.G.'s property. D.S.G. contends that the circuit court erred in awarding D.S.G. an amount less than it had requested. D.S.G. challenges three determinations of the circuit court in calculating its award of litigation expenses under Wis. Stat. § 32.28 (2005–06):[1] (1) litigation expenses were only recoverable for the time frame between the time the Town served D.S.G. its jurisdictional offer and it abandoned the condemnation proceedings; (2) litigation expenses D.S.G. incurred in filing an unsuccessful motion for a temporary restraining order and injunction were not recoverable because they were not necessary; and (3) fees D.S.G. claimed it incurred in conducting its own appraisal were not recoverable because they were not reasonable. We conclude that the circuit court properly applied § 32.28 and properly exercised its discretion in awarding litigation expenses. Accordingly, we affirm.

### Background

¶ 2. The following facts are uncontested. D.S.G. owns land in the Town of Perry in Dane County, Wisconsin.[2] On December 23, 2003, the Town of Perry served D.S.G. with a jurisdictional offer pursuant to Wis. Stat. § 32.05(3) to obtain D.S.G.'s land to include in

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

[2] We note that there has been a change in title between D.S.G. Evergreen and Voss Farms during the pendency of this case. The consequences of the change in title are not before us in this appeal. For clarity, we refer to D.S.G. and Voss Farms collectively as the condemnees, without distinction as to actual ownership.

the Town's Hauge Historic District Park.[3] On January 19, 2004, the Town filed a Notice of Petition and a Petition for Condemnation Proceedings with the Dane County Circuit Court. On January 30, 2004, D.S.G. filed this action challenging the right of the Town to condemn D.S.G.'s land.

¶ 3. The circuit court assigned the Town's condemnation action to the Dane County Condemnation Commissioners on January 23, 2004. The Condemnation Commissioners set a hearing for March 11, 2004, to determine the value of D.S.G.'s property. D.S.G. then requested a temporary restraining order and injunction from the circuit court to enjoin the Town from proceeding with the hearing before the Condemnation Commissioners, which the court denied on March 3. The scheduled hearing was held before the Condemnation Commissioners on March 11, 2004. At the hearing, the Town discovered a major error in the legal description of the property it sought to condemn and thus withdrew its jurisdictional offer. The Town then submitted a corrected appraisal to D.S.G.[4]

¶ 4. Later in March 2004, the Town submitted an answer to D.S.G.'s complaint challenging the Town's right to condemn D.S.G.'s property. The Town then moved to dismiss some of the claims in the complaint and requested frivolous costs pursuant to Wis. Stat. § 814.025, contending D.S.G.'s challenge to the Town's right to condemn was without a reasonable basis in law.

---

[3] The town served D.S.G. a revised jurisdictional offer on December 26, 2003, to cure a statutory reference error in the first jurisdictional offer. The parties do not contest use of the date of the first jurisdictional offer.

[4] D.S.G. does not challenge the validity of the second appraisal in this appeal.

¶ 5. D.S.G. also submitted a motion to dismiss its complaint challenging the Town's right to condemn its property, contending the Town had abandoned those condemnation proceedings and requesting its litigation expenses pursuant to WIS. STAT. § 32.28. On June 18, 2004, the circuit court denied the Town's motions and concluded that the Town had abandoned the condemnation proceedings when it withdrew its petition during the Condemnation Commissioners hearing. The circuit court found that D.S.G. was entitled to litigation expenses under WIS. STAT. § 32.28(3)(a) and ordered the parties to submit materials supporting their calculations of litigation expenses. After a subsequent hearing, the circuit court awarded D.S.G. $13,976.24 of the $56,854.25 it had requested in litigation expenses. D.S.G. appeals.

### *Standard of Review*

¶ 6. Whether the circuit court properly interpreted the relevant statute and applied it to the facts of this case are both questions of law that we review de novo. *See Warehouse II, LLC v. DOT*, 2006 WI 62, ¶ 4, 291 Wis. 2d 80, 715 N.W.2d 213. We review the circuit court's determination of appropriate litigation expenses, including the reasonableness of attorney fees, for an erroneous exercise of discretion. *See Standard Theatres, Inc. v. DOT*, 118 Wis. 2d 730, 747, 349 N.W.2d 661 (1984). Because the circuit court is in an advantageous position to evaluate attorneys' rates and the efforts they have expended in litigation, "[w]e will sustain a circuit court's award of attorney fees unless its determination is clearly erroneous." *Jandrt v. Jerome Foods, Inc.*, 227 Wis. 2d 531, 575, 597 N.W.2d 744 (1999).

### Discussion

■

¶ 7. Under Wɪs. Sᴛᴀᴛ. § 32.28(3)(a), after a govern-ment initiates condemnation proceedings to acquire a landowner's property, "litigation expenses shall be awarded to the condemnee if . . . [t]he proceeding is abandoned by the condemnor." "Litigation expenses" are defined under the statute as "the sum of the costs, disbursements and expenses, including reasonable at-torney, appraisal and engineering fees necessary to prepare for or participate in actual or anticipated proceedings before the condemnation commissioners, board of assessment or any court under this chapter." Section 32.28(1).

¶ 8. D.S.G. contends that the circuit court incor-rectly calculated litigation expenses because the court did not liberally construe Wɪs. Sᴛᴀᴛ. § 32.28 and strive to make the property owner whole as mandated under *Warehouse II*. D.S.G. asserts that the circuit court erred in strictly construing § 32.28, following *Kluenker v. DOT*, 109 Wis. 2d 602, 327 N.W.2d 145 (Ct. App. 1982), because *Warehouse II* expressly overruled *Kluenker* in favor of a liberal construction of the award of litigation expenses to a condemnee. We conclude that *Kluenker*'s core holding has not been overruled, and that the circuit court properly exercised its discretion in deter-mining its award of litigation expenses.

■

¶ 9. When interpreting Wɪs. Sᴛᴀᴛ. § 32.28, "[o]ur purpose is to 'faithfully give effect to the laws enacted by the legislature.' " *Warehouse II*, 291 Wis. 2d 80, ¶ 14 (citing *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 681 N.W.2d 110.) Further, "[w]e defer to the policy choices of the

legislature and we assume that the legislature's intent is expressed in the statutory language it chose." *Id.* If the statutory language, structure, and context yield a plain and clear meaning, the statute is unambiguous. *Id.*, ¶ 16. If a statute is unambiguous, we apply its plain meaning without further inquiry or resort to extrinsic aids. *Id.*, ¶¶ 15–16.

¶ 10. In *Kluenker*, 109 Wis. 2d at 603–07, we interpreted Wis. Stat. § 32.28 and held that a law firm's contingency fee for representation in a condemnation action, which was based on the difference between the State's original offer and the amount the landowner ultimately recovered, was to be calculated using the State's jurisdictional offer rather than its original offer during the negotiation stage. We concluded that "there is no official completive action in a condemnation case until the jurisdictional offer," and therefore "it follows that a condemnee cannot be certain of a condemnor's position until that juncture. Only then does the expectation of appeal to a commission accrue, not when the preliminary negotiations are set in motion which may or may not ultimately prove unsatisfactory." *Id.* at 606. Because § 32.28(3) only allowed recovery after proceedings before a commissioner or a court, interpreting the statute to allow recovery of expenses before a jurisdictional offer was unreasonable because it would result in an award of expenses in all cases regardless of whether there were any actual proceedings. *Id.* at 606–07. Thus, an interpretation of § 32.28 to allow litigation expenses incurred prior to the jurisdictional offer is contrary to the plain language of the statute. *Id.*

¶ 11. D.S.G. argues that *Kluenker* is not controlling because, in reaching this conclusion, we also said that "[s]tatutes allowing the taxation of costs against the sovereign are in derogation of the common law and

598

must be given a strict construction." *Id.* at 605. We agree with D.S.G. that this sentence in *Kluenker* has been abrogated. Several years after our decision in *Kluenker*, the supreme court explained in *Standard Theatres*, 118 Wis. 2d at 742–43, that while "the rule of strict construction should be applied to the condemnor's power and to the exercise of this power . . . . [c]onversely, statutory provisions in favor of the owner, such as those which regulate the compensation to be paid to him or her, are to be afforded liberal construction." Thus, the *Standard Theatres* court concluded that "reasonable attorney fees" under Wis. Stat. § 32.28 unambiguously included fees for an out-of-area attorney, because limiting fees to those charged by attorneys in the area was "contrary to the rule of liberal construction." *Id.* at 743.

¶ 12. Recently, the supreme court reiterated this holding in *Warehouse II*, 291 Wis. 2d 80, ¶ 32. There, the court concluded that Warehouse II was entitled to the litigation expenses it incurred in successfully challenging DOT's right to condemn its property because DOT had commenced a statutorily deficient condemnation by failing to negotiate in good faith before serving a jurisdictional offer. *Id.*, ¶ 1. The court explained that "we strictly construe the portions of ch. 32 that apply to condemnation by requiring that the condemnor complete all of the statutory steps because condemnation is in derogation of the common law." *Id.*, ¶ 8. In awarding Warehouse II its litigation expenses incurred due to DOT's deficient condemnation proceedings, the court explained that we "liberally construe statutory provisions regarding compensation for eminent domain takings to favor the property owner whose property is taken against his or her will." *Id.*, ¶ 32.

599

¶ 13. Thus, the court rejected DOT's interpretation of the requirement that the condemnor lack a "right to condemn" for a condemnee to recover litigation expenses as a permanent lack of that right in favor of Warehouse II's interpretation of the statute as requiring that the condemnor lacked the right to condemn when it initiated proceedings. *Id.*, ¶¶ 18–34. While both were reasonable interpretations, Warehouse II's interpretation was adopted because it was a liberal construction of the statute that favored the property owner. *Id.*

¶ 14. Reading *Kluenker* in light of *Standard Theatres* and *Warehouse II*, we conclude that, contrary to D.S.G.'s assertion, *Kluenker*'s central holding has not been overruled. *Kluenker* applied the plain meaning of Wis. Stat. § 32.28 and held that there are no "actual" or "anticipated" condemnation proceedings before service of a jurisdictional offer in order to avoid an absurd and unreasonable result of allowing litigation expenses contrary to the express language of the statute. *Kluenker*'s application of the plain meaning of § 32.28 to avoid an absurd result did not depend on whether the interpretation of the statute was based on a strict or liberal construction. In contrast, *Standard Theatres* liberally construed the term "reasonable fees" to include costs for an out-of-area attorney, whereas a strict construction would have excluded those fees without contradicting the express language of the statute. Similarly, *Warehouse II* liberally construed the term "right to condemn" and held that a condemnee is entitled to litigation expenses if a condemnor lacked a right to condemn at the time condemnation proceedings were initiated, while a strict construction would have also been a reasonable interpretation. Thus, neither *Standard Theatres* nor *Warehouse II* contradicts *Kluenker*'s inter-

pretation of § 32.28 as limiting recovery of litigation expenses to those incurred after the date of the jurisdictional offer.

¶ 15. D.S.G. also argues that the circuit court erroneously relied on *Kluenker* in limiting recovery of litigation expenses to those incurred after the jurisdictional offer was served because *Kluenker* was a just compensation case while this is a right-to-take case. The Town responds that *Kluenker* is not distinguishable because regardless of the type of case, all litigation expenses in condemnation cases are awarded under WIS. STAT. § 32.28(1). We agree with the Town and conclude that *Kluenker* mandates that litigation expenses are only recoverable after the date of the jurisdictional offer in all condemnation cases.

¶ 16. WISCONSIN STAT. § 32.28(3) mandates the award of litigation expenses when (1) the condemnor abandons the proceedings, (2) the condemnor lacks the right to condemn or there is no necessity for the taking, (3) the property owner prevails in an inverse condemnation action, or (4) the property owner ultimately recovers a specified amount above the condemnor's jurisdictional offer. We are not persuaded that a right to take action should be treated differently than a just compensation action under this section.

¶ 17. In *Kluenker*, a just compensation case, the condemnor made an original offer far beneath what the condemnee was willing to accept. It would have been reasonable for the condemnee to believe negotiations would fail and the condemnor would serve a jurisdictional offer, commencing anticipated or actual condemnation proceedings. However, we held that no litigation expenses were recoverable until the condemnor actually served a jurisdictional offer, applying the plain language of the statute. Similarly, in this right-to-take

601

case, although D.S.G. reasonably believed the Town was preparing to serve a jurisdictional offer when it received the Town's original offer, there were no actual or anticipated proceedings until D.S.G. received the jurisdictional offer. In *Kluenker*, the condemnee could not prepare to challenge the sufficiency of the amount of the offer, and here, D.S.G. could not prepare to challenge the Town's right to take, before service of the jurisdictional offer.[5]

¶ 18. We next address D.S.G.'s contention that the circuit court erred in declining to award expenses incurred after abandonment. While D.S.G correctly asserts that Wis. Stat. § 32.28 does not expressly state that fees are only recoverable prior to abandonment or if the continuation of proceedings was not attributable to the condemnee, we conclude that the circuit court properly exercised its discretion in determining that the fees incurred after abandonment were not reasonable or necessary.

¶ 19. A court properly exercises its discretion if it makes a "reasoned and reasonable determination" that is "based upon the facts appearing in the record and in reliance on the appropriate and applicable law." *Hartung v. Hartung*, 102 Wis. 2d 58, 66, 306 N.W.2d 16 (1981). Here, the circuit court found that the fees incurred after abandonment were not reasonable because the unnecessary continuation of litigation was attributable to both

---

[5] We recognize, as D.S.G. points out, that a landowner may expend money in a right-to-take case that will not be recoverable under this formulation. We expressly contemplated as much in *Kluenker*, saying: "This is not to say that an attorney cannot charge for time and expenses prior to the jurisdictional offer. That, however, is solely between attorney and client. A condemnor is not responsible for these fees." *Kluenker v. DOT*, 109 Wis. 2d 602, 607 n.2, 327 N.W.2d 145 (Ct.App. 1982).

sides, a finding we will only disturb if it is clearly erroneous. *See Jandrt*, 227 Wis. 2d at 575.

¶ 20. We conclude that the circuit court's finding that the litigation expenses were unnecessarily continued due to the actions of both parties, and thus not reasonable or necessary, is sufficiently supported by the record. The record establishes that the Town abandoned the condemnation proceedings before the condemnation commissioners on March 11, 2004, based on a major error in their appraiser's report. Subsequently, the Town issued a new appraisal and answered D.S.G.'s complaint challenging the Town's right to take D.S.G.'s property. Both D.S.G. and the Town then submitted motions to dismiss D.S.G.'s complaint. D.S.G. moved for litigation expenses and the Town moved for frivolous costs. The parties briefed and argued those motions. The record supports the circuit court's finding that, because the original condemnation had already been abandoned when those arguments were submitted, those expenses were not incurred as reasonable and necessary litigation expenses in the original condemnation proceedings.[6] Thus, the circuit court properly decided that the fees were not "reasonable or necessary" under Wis. Stat. § 32.28(1), and therefore there was no basis under the statute for awarding those expenses.

¶ 21. We similarly conclude that the circuit court properly exercised its discretion by finding that the expenses D.S.G. incurred in seeking an injunction and restraining order were not reasonable or necessary.

[6] D.S.G. does not specify what expenses it believes are recoverable after abandonment. In any event, we defer to the circuit court's finding that all expenses incurred after abandonment were neither reasonable nor necessary.

While D.S.G. is correct that WIS. STAT. § 32.28 does not expressly limit the recovery of attorney fees to those motions that are ultimately successful, it does not follow that a circuit court must award all fees requested. To the contrary, the supreme court has explained that we afford a "deferential standard of review" to a circuit court's award of attorney fees and costs, which "acknowledges the circuit court's advantageous position in determining the reasonableness of a firm's rate and preparations." *Jandrt,* 227 Wis. 2d at 575.

¶ 22. The circuit court denied D.S.G. the expenses it incurred in seeking a temporary restraining order and injunction because it found that those expenses were not necessary. It explained that "[t]here are strict and sometimes insurmountable bars to getting early injunctive relief and there is a strict test" that the facts of the case clearly did not meet. Specifically, the court found that the requirements of irreparable harm and inadequate remedy at law, *see Sprecher v. Weston's Bar, Inc.,* 78 Wis. 2d 26, 50, 253 N.W.2d 493 (1977), were not met by simple transfer of title, when the Town proposed to retain the land in an unaltered state.[7] Because the circuit court reasonably concluded that seeking a temporary restraining order in this case was not a reasonable or necessary expense, denial of those fees was a proper exercise of the court's discretion.

---

[7] D.S.G. argues that the test of irreparable harm was met because even a temporary loss of title would have interfered with its separate but related action for inverse condemnation. We note again that we defer to a circuit court's determination as to the reasonableness of an attorney's efforts in representing his or her client, so long as that determination is not clearly erroneous. *Jandrt v. Jerome Foods, Inc.,* 227 Wis. 2d 531, 575–79, 597 N.W.2d 744 (1999). We do not agree that the court's decision that seeking a temporary restraining order in this case was unnecessary is clearly erroneous on the record before us.

¶ 23. Finally, D.S.G. argues that the court erred in denying it recovery of fees it incurred in obtaining its own appraisal of its land because D.S.G. did not submit supporting materials to justify those fees. D.S.G. contends there was no reason to believe that those fees were contested by the Town and therefore it had no reason to submit support for its calculation. We note that D.S.G. argued as much to the circuit court and requested additional time to submit supporting documentation, which the court denied on grounds that D.S.G. had already had two days of hearings to prove the reasonableness of all fees it requested. We conclude that the circuit court properly found that D.S.G. had not met its burden of proof as to the appraisal fee.

¶ 24. "The burden of proof is upon the attorney submitting the fees to prove the reasonableness of a fee when it is questioned," and the circuit court weighs the evidence submitted. *Standard Theatres*, 118 Wis. 2d at 748. Here, the circuit court found that D.S.G. had not met its burden of proof as to the appraiser fee, after being afforded ample opportunity to do so. D.S.G. admits that it did not submit detailed support for the $6000 invoice, arguing that it did not believe the amount of the fee was disputed. We do not agree that it was reasonable for D.S.G to assume that the $6000 would be awarded without a detailed explanation. The Town specifically questioned the appraisal fee before the hearing, thus creating a burden for D.S.G. to prove it was reasonable.[8] We conclude that the circuit court

[8] We note, as D.S.G. points out, that the Town framed its challenge to the appraisal fee as an issue of whether the services were provided within the time frame set by the court. Nonetheless, D.S.G. knew that the appraisal fee was questioned and had

reasonably found that the appraiser fee was not adequately supported.

¶ 25. In sum, we do not agree that the circuit court misapplied the law or erroneously exercised its discretion in its award of litigation expenses. The court awarded D.S.G. the full amount it requested for preparing the complaint and for preparing for and participating in the condemnation hearing. It disallowed the amount D.S.G. claimed for seeking a temporary restraining order and injunction because the court found that seeking the temporary restraining order and injunction was not necessary within the course of this litigation. Finally, the court allowed costs as claimed except a $6000 fee for an appraisal because D.S.G. did not meet its burden to show that the appraisal fee was reasonable.[9] We conclude that the circuit court's decision met the purpose of awarding litigation expenses under WIS. STAT. § 32.28 as set forth in *Warehouse II*, to strive to make the property owner whole while only awarding those fees that were reasonable and necessary. Accordingly, we affirm.

*By the Court.*—Order affirmed.

---

the burden of proof to show that it was recoverable. We do not agree that it was reasonable to assume a nonspecific invoice would suffice to meet that burden.

[9] The court also disallowed $523.75 in nonspecific attorney time. That determination is not challenged on appeal.