PER CURIAM.
¶1 This case arises from a dispute between Michael R. Wilhelm and his former employer, McCoy Contractors, Inc. (McCoy) over unpaid compensation. Wilhelm appeals from orders dismissing McCoy's president, Daniel J. McCoy (Daniel), from the case and reducing a jury's damages award against McCoy. McCoy, meanwhile, cross-appeals from an order awarding attorney fees to Wilhelm.
¶2 We conclude that the circuit court properly dismissed Daniel from the case and properly awarded attorney fees to Wilhelm. However, we also conclude that the court erred in reducing the jury's damages award against McCoy, which may have affected the amount of attorney fees ordered.[1] Therefore, we affirm in part, reverse in part, and remand with directions to reinstate the jury's damages award and make a new determination of attorney fees.
¶3 Wilhelm was employed as a salesman for McCoy, a construction firm specializing in basement waterproofing and structural repairs. Pursuant to an oral agreement, McCoy paid Wilhelm a ten percent commission on his sales plus health insurance and a company car. Wilhelm did not receive checks for the sales commissions he earned; rather, beginning in 2003, he "banked" them with McCoy so that he could withdraw payments throughout the year.
¶4 In the ensuing years, the unpaid sales commissions accumulated, reaching over $100,000. Wilhelm frequently inquired as to the status of his funds and received statements of what was owed to him based on McCoy's computer records. Eventually, Wilhelm asked McCoy to pay him the money that was due. McCoy refused to do so, indicating that it no longer had the money and had switched Wilhelm's compensation from commission to salary. By then, McCoy had also stopped paying Wilhelm's health insurance benefits, which cost Wilhelm between $12,000 and $13,000 per year.
¶5 In 2014, Wilhelm filed suit against McCoy and Daniel, alleging various causes of action.[2] McCoy and Daniel initially sought to disqualify Wilhelm's attorney from the case but were unsuccessful. The matter proceeded to trial where a jury found McCoy liable for breach of contract and failing to pay Wilhelm's wages. It awarded Wilhelm $147,000 in damages. The jury did not hold Daniel personally liable, as the circuit court had ordered him dismissed from the case prior to the verdict.
¶6 McCoy filed several motions after verdict seeking to reduce or set aside the jury's damages award. Although the motions were timely filed, they were not decided within ninety days as required by WIS. STAT. § 805.16(3) (2015-16).[3] This was due to a request by McCoy's counsel to reschedule their hearing until after he had undergone a medical procedure.
¶7 When the motions after verdict were finally heard, Wilhelm objected to the circuit court's competency to decide them. The court reluctantly agreed that it lacked competency to do so. Nevertheless, it reduced the jury's damages award on the theory that it lacked subject matter jurisdiction over some of Wilhelm's action. Specifically, the court determined that the statute of limitations barred Wilhelm's attempt to recover unpaid sales commissions from before 2008. It concluded that $53,617 was the proper amount of damages for Wilhelm and ordered the clerk to enter the reduced judgment.
¶8 The circuit court next took up the issue of attorney fees, which may be awarded to a prevailing party in a wage claim action. See WIS. STAT. § 109.03(6). The court concluded that an award of forty percent of the $53,617 judgment, or $21,466.80, was a reasonable fee under the contingency fee agreement of Wilhelm and his attorney and factors set forth for fees in SCR 20:1.5. It then entered an order to that effect. This appeal and cross-appeal followed.
¶9 On appeal, Wilhelm first contends that the circuit court erred in dismissing Daniel from the case. He submits that a reasonable jury could have found Daniel personally liable for conversion, breach of fiduciary duty, and the statutory wage claim.
¶10 As a threshold matter, Wilhelm pled only one cause of action against Daniel, which was for conversion. Accordingly, there is no reason to discuss other potential claims against him. With respect to the alleged conversion, the circuit court was not persuaded that the evidence at trial was sufficient to support such a finding. We agree with the court. In addition, we note that the jury ultimately found that McCoy did not convert any money belonging to Wilhelm. Because there was no conversion by McCoy, Daniel could not have been held personally liable for conversion based upon Wilhelm's "piercing the corporate veil."
¶11 Wilhelm next contends that the circuit court erred in reducing the jury's damages award against McCoy. McCoy effectively concedes this argument in its brief by failing to refute it. See Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp. , 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979). Nevertheless, it asks this court to affirm the decision to reduce the jury's damages award via our discretionary reversal power under WIS. STAT. § 752.35.
¶12 We agree with the parties that the circuit court erred in reducing the jury's damages award against McCoy. The court lost competency to consider the motions after verdict once the ninety-day time limit had expired. See Jos. P. Jansen Co. v. Milwaukee Area Dist. Bd. of Vocational, Tech. & Adult Ed. , 105 Wis. 2d 1, 10, 312 N.W.2d 813 (1981). Moreover, the court's concern about subject matter jurisdiction was misplaced given our state constitution's broad grant of that authority. See Xcel Energy Servs., Inc. v. LIRC , 2013 WI 64, ¶27, 349 Wis. 2d 234, 833 N.W.2d 665 (recognizing that under WIS. CONST. art. VII, § 8, circuit courts have jurisdiction to hear "all matters civil and criminal within this state").[4]
¶13 We decline McCoy's invitation to utilize WIS. STAT. § 752.35 to reduce the jury's damages award. Exercise of our discretionary reversal power is rare and reserved for "exceptional cases." State v. Avery , 2013 WI 13, ¶38, 345 Wis. 2d 407, 826 N.W.2d 60 (citation omitted). One of the grounds on which we may exercise our power is when "it appears from the record ... that it is probable that justice has for any reason miscarried." Sec. 752.35. We are not convinced that justice miscarried in this case. The jury's damages award is supported by reasonable inferences from credible evidence, including trial exhibits concerning the unpaid sales commissions and testimony that McCoy had not paid Wilhelm's health insurance benefits for multiple years. Accordingly, we conclude that the award should be reinstated.
¶14 Having addressed the issues in Wilhelm's appeal, we turn next to McCoy's cross-appeal. McCoy argues that the circuit court erred in awarding attorney fees to Wilhelm. Principally, it asserts that WIS. STAT. § 109.03(6) has no application in this case due to the nature of Wilhelm's employment.
¶15 The problem with McCoy's argument is that it comes too late. McCoy never questioned Wilhelm's entitlement to reasonable attorneys' fees under WIS. STAT. § 109.03(6) in the circuit court. Indeed, it conceded the point in its motions after verdict.[5] We generally do not consider issues raised for the first time on appeal, and we refuse to do so here. See State v. Huebner , 2000 WI 59, ¶10, 235 Wis. 2d 486, 611 N.W.2d 727 ; State v. Caban , 210 Wis. 2d 597, 604, 563 N.W.2d 501 (1997).
¶16 With respect to the award itself, this court will affirm a circuit court's determination on attorneys' fees "unless its determination is clearly erroneous." D.S.G. Evergreen F.L.P. v. Town of Perry , 2007 WI App 115, ¶6, 300 Wis. 2d 590, 731 N.W.2d 667 (citation omitted). In this case, the court concluded that an award of forty percent of the judgment was a reasonable fee under the contingency fee agreement and factors set forth for fees in SCR 20:1.5. We are satisfied that the court's determination was proper based on the facts before it. However, because those facts have changed with our reinstatement of the jury's damages award,[6] and because we do not exercise discretion for the circuit court, we must remand for a new determination of attorney fees.
¶17 As a final matter, McCoy complains that the circuit court erred in denying its initial motion to disqualify Wilhelm's attorney, Daniel Stevens, from the case. McCoy had sought to disqualify Attorney Stevens based upon a meeting he had with Daniel in 2013, prior to the commencement of Wilhelm's lawsuit. In his motion, McCoy accused Attorney Stevens of violating the duties to a prospective client as set forth in SCR 20:1.18, which provides in relevant part:
(a) A person who consults with a lawyer about the possibility of forming a client-lawyer relationship with respect to a matter is a prospective client.
(b) Even when no client-lawyer relationship ensues, a lawyer who has learned information from a prospective client shall not use or reveal that information learned in the consultation....
(c) A lawyer subject to par. (b) shall not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter....
¶18 After considering arguments from the parties and hearing testimony from both Daniel and Attorney Stevens, the circuit court denied the motion to disqualify. The court found that "there was no discussion whatsoever" between Daniel and Attorney Stevens regarding the possibility of forming a client-attorney relationship. The finding was based, in part, upon the acrimonious relationship between the two men, which stemmed from previous unrelated lawsuits.[7] It was also based upon the testimony of Attorney Stevens, whom the court credited with being "the better historian of the facts and specificity of the meeting...." Attorney Stevens indicated that the meeting lasted approximately twenty minutes and concerned such nonlegal topics as Daniel's opposition to a contractors' organization and Daniel's parents, whom Attorney Stevens knows. Attorney Stevens further indicated that if Wilhelm's name came up at all during the meeting, it was only "in passing."
¶19 On this record, we conclude that Daniel was not a prospective client of Attorney Stevens. Likewise, we conclude that Attorney Stevens received no information in his meeting with Daniel that was significantly harmful to McCoy in this matter. Accordingly, we are satisfied that the circuit court properly denied the motion to disqualify Attorney Stevens from the case.[8]
¶20 For these reasons, we affirm in part, reverse in part, and remand with directions. On remand, the circuit court shall reinstate the jury's damages award of $147,000 and make a new determination of attorney fees.[9] No costs to either party.
By the Court. -Orders affirmed in part; reversed in part and cause remanded with directions.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

The amount of attorney fees ordered was based upon a contingency fee that the circuit court found reasonable under the circumstances.

Wilhelm also named Daniel's wife, Carol McCoy, as a defendant. The circuit court dismissed her from the case. That dismissal is not challenged on appeal.

All references to the Wisconsin Statutes are to the 2015-16 version.

The circuit court's jurisdictional concern was based upon a statute of limitations argument that McCoy did not raise until after trial. Given its timing, that argument should have been deemed forfeited. See Robinson v. Mount Sinai Med. Ctr. , 137 Wis. 2d 1, 16-17, 402 N.W.2d 711 (1987). In any event, McCoy has since acknowledged that Wilhelm's breach of contract claim was commenced within the applicable statute of limitations.

In its brief supporting its motions after verdict, McCoy acknowledged that "Wilhelm Is Entitled To Reasonable Attorney Fees On His Wage Claim...."

The "amount involved and the results obtained" are among the factors listed in SCR 20:1.5(a).

The circuit court opined that the meeting took place because of the need by Daniel in pursuing a treatment program "to make amends with people that he had had conflicts with in the past ...."

McCoy also accuses Attorney Stevens of violating the requirements of SCR 20:4.3 for dealing with an unrepresented person. We note that the motion to disqualify Attorney Stevens was not premised on that rule. In any event, we are not persuaded that the rule applied to the meeting in question.

Upon completion of briefing, Wilhelm filed a motion to strike McCoy's reply brief, which was held in abeyance. We now deny that motion.