Mark KLEMM and Jeanne Klemm,
Plaintiffs-Respondents,†

v.

AMERICAN TRANSMISSION COMPANY, LLC,
Defendant-Appellant.

Court of Appeals

*No. 2009AP2784. Submitted on briefs June 8, 2010.
—Decided August 10, 2010.*

2010 WI App 131

(Also reported in 791 N.W.2d 233.)

---

† Petition for Review granted 1-12-11.

---

415

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. HOOVER, P.J. American Transmission Company, LLC (ATC) appeals a judgment awarding Wɪs. Stat. § 32.28[1] litigation expenses to Mark and Jeanne Klemm. ATC argues Wɪs. Stat. § 32.28(3)(d) only permits litigation expenses awards when a jurisdictional offer has been made. We agree. Because the Klemms accepted a negotiated offer under Wɪs. Stat. § 32.06(2a) and there was, consequently, no jurisdictional offer, the Klemms may not recover their litigation expenses. We therefore reverse the judgment and remand.

## BACKGROUND

¶ 2. ATC sought an easement from the Klemms to place high-voltage electric transmission lines across their property. ATC obtained an appraisal, which ATC

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

417

provided to the Klemms, indicating the easement would decrease the value of their property by $7,750. The Klemms agreed to the $7,750 compensation ATC offered in negotiations, with the understanding they had the right to appeal the amount. Accordingly, the Klemms conveyed the requested easement, which was recorded along with a certificate of compensation.

¶ 3. The Klemms subsequently exercised their right to appeal. They then obtained an appraisal, which they presented to ATC three weeks prior to the condemnation commission hearing. The commission awarded the Klemms just compensation in the amount of $10,000. The Klemms then sought Wis. Stat. § 32.28 litigation expenses in the circuit court.[2] The court held the Klemms were entitled to litigation expenses under Wis. Stat. § 32.28(3)(d), even though they accepted ATC's negotiated offer and there was, consequently, no jurisdictional offer. ATC appeals, arguing the court misinterpreted § 32.28(3)(d).

## DISCUSSION

¶ 4. This case requires that we ascertain the meaning of Wis. Stat. § 32.28(3)(d). Statutory interpretation presents a question of law that we decide without deference to the trial court's decision. *State v. Reed*, 2005 WI 53, ¶ 13, 280 Wis. 2d 68, 695 N.W.2d 315.

> The purpose of statutory interpretation is to determine what a statute means in order to give the statute its

---

[2] Wisconsin Stat. § 32.28(1) defines "litigation expenses" as "the sum of the costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees necessary to prepare for or participate in actual or anticipated proceedings before the condemnation commissioners, board of assessment or any court under this chapter."

full, proper, and intended effect. We begin with the statute's language because we assume that the legislature's intent is expressed in the words it used. Generally, language is given its common, ordinary, and accepted meaning. In addition, statutory language is interpreted in the context in which it is used, in relation to the language of surrounding or closely related statutes, and interpreted to avoid absurd or unreasonable results.

If the meaning is plain, we ordinarily stop the inquiry. However, if a statute is ambiguous, we examine extrinsic sources, such as legislative history, to ascertain the legislative intent. A statute is ambiguous if the statute's ability to support two reasonable constructions creates an ambiguity which cannot be resolved through the language of the statute itself.

*Orion Flight Servs., Inc. v. Basler Flight Serv.*, 2006 WI 51, ¶¶ 16–17, 290 Wis. 2d 421, 714 N.W.2d 130 (punctuation and citations omitted).

¶ 5. WISCONSIN STAT. § 32.28(3)(d) provides that litigation expenses shall be awarded to the condemnee if "[t]he award of the condemnation commission under . . . [WIS. STAT. §] 32.06(8) *exceeds the jurisdictional offer or the highest written offer prior to the jurisdictional offer* by at least $700 and at least 15% . . . ." (Emphasis added.)[3]

¶ 6. A condemnee may proceed to obtain an award from the condemnation commission under WIS. STAT. § 32.06(8) by either of two ways. In every case, the condemnor must first negotiate in good faith to purchase the property it seeks. WIS. STAT. § 32.06(2a). This requires the condemnor to obtain at least one appraisal

---

[3] The same italicized language regarding the jurisdictional offer is also utilized in WIS. STAT. §§ 32.28(2), (3)(e)-(h).

and provide a copy to the property owner.[4] Wis. Stat. §§ 32.06(2)(a), (b). The condemnor must also inform the property owner of his or her right to obtain an independent appraisal at the condemnor's expense, and provide copies of pamphlets explaining eminent domain laws and the rights of property owners. Wis. Stat. §§ 32.06(2)(b), (2a), 32.26(6).

¶ 7. If the condemnor and the property owner negotiate an agreed price and transfer the property, the owner nonetheless retains the right to challenge the amount of compensation by filing a petition with the circuit court within six months. Wis. Stat. § 32.06(2a). If this is done, "[t]he judge shall forthwith assign the matter to the . . . county condemnation commissioners for hearing under sub. (8)."

¶ 8. If, however, the condemnor fails to successfully negotiate a compensation amount with the property owner, the condemnor must provide the owner a jurisdictional offer to purchase stating, among other things, the amount of compensation offered. Wis. Stat. §§ 32.05(3), 32.06(3). The owner then has twenty days in which to accept the offer. Wis. Stat. § 32.06(6). If the owner rejects the offer in writing, or does not timely accept, the condemnor may petition the circuit court for a determination of just compensation by the county condemnation commissioners.[5] Wis. Stat. § 32.06(7).

---

[4] The condemnor's appraiser is required to confer with the property owner if reasonably possible. Wis. Stat. § 32.06(2)(a).

[5] Wisconsin Stat. § 32.06(7) also requires the petition to request "proceedings to determine the necessity of taking, where such determination is required . . . ." However, pursuant to Wis. Stat. § 32.07(1), a necessity determination is unnecessary in the case of high-voltage transmission lines because a certificate of public convenience and necessity will have been issued. See Wis. Stat. § 196.491(1)(e), (f), (3)(a)1. Further,

The circuit court hearing may not occur prior to twenty days after the date of filing, but if "the petitioner is entitled to condemn the property . . ., the judge immediately shall assign the matter" to the condemnation commission for hearing. *Id.*

¶ 9. The circuit court concluded that because either route leads to a commission hearing under WIS. STAT. §§ 32.06(8) and 32.08, "once arriving at that destination, the parties are entitled to have costs awarded under WIS. STAT. § 32.28." The court further explained that "the phrase 'the highest written offer prior to the jurisdictional offer' does not require that a jurisdictional offer actually be made—it merely specifies a particular point in the condemnation procedure: the negotiation stage of § 32.06(2a)." The Klemms argue the circuit court interpretation was correct, invoking the canon of statutory construction requiring that statutes be construed together with related statutes on the same subject.

¶ 10. We disagree. That there are two ways to get to the commission is irrelevant. Instead, our focus is on the plain language of the statute. Because WIS. STAT. § 32.28(3)(d) applies only when there has been a jurisdictional offer, there is no need to harmonize it with the negotiation provision in WIS. STAT. § 32.06(2a). Under § 32.28(3)(d), the condemnee is entitled to litigation expenses only if the commission award "exceeds the jurisdictional offer or the highest written offer prior to *the* jurisdictional offer . . . ." (Emphasis added.) The use of the article "the" anticipates that there is, in fact, a

under WIS. STAT. § 32.07(2), a court need not determine the necessity of taking "for a telegraph, telephone or other electric line . . . ."

jurisdictional offer. For example, the statute does not say prior to "any jurisdictional offer" or "the jurisdictional offer, if any," nor does it expressly reference the "agreed price" under subsec. (2a).[6]

¶ 11. We also reject the Klemms' argument that the statute should be construed liberally to favor the owner whose property is taken against his or her will. *See The Warehouse II, LLC v. DOT*, 2006 WI 62, ¶¶ 30–33, 291 Wis. 2d 80, 715 N.W.2d 213. The Klemms emphasize, as did the circuit court, the legislature's policy determination in authorizing litigation expenses to discourage condemnors from making inequitably low jurisdictional offers and to make condemnees whole when they are forced to litigate the issue of just compensation. *See id.*

¶ 12. First, because we do not deem the statute's language ambiguous, it would be improper to alter its plain meaning through liberal construction. Second, this case did not involve a jurisdictional offer. And third, the Klemms were not forced to litigate the issue of just compensation. Rather, they contractually agreed to the amount of compensation and voluntarily conveyed the easement. It was the Klemms who chose to subsequently litigate the amount of just compensation.

¶ 13. Aside from their reliance on "context" and "harmonizing the statutes" by reciting the two paths to the condemnation commission, the Klemms do not assert the statutory language is plainly in their favor. Nor do they contend the language is ambiguous. Instead they offer only policy arguments, noting, for instance, that they will not be made whole if they are

---

[6] WISCONSIN STAT. § 32.06(2a) is titled "Agreed price." We do not rely on this title, except to recognize this would be an appropriate explanatory term to which the legislature could have referred in WIS. STAT. § 32.28(3)(d).

not permitted to recover their expenses. While the Klemms' policy arguments certainly have appeal, they are properly directed to the legislature, not the courts.[7] We cannot ignore the statute's plain language.

*By the Court.*—Judgment reversed and cause remanded.

[7] The Klemms assert they simply assented to ATC's offered price because they knew condemnation was inevitable and desired to cooperate rather than create further delay, knowing they had the right to appeal the amount. They argue condemnees who cooperate in such a manner should not be punished by withholding litigation expenses, while antagonistic landowners are rewarded with the opportunity to recover.

We observe, however, that had the Klemms initially negotiated a price they were satisfied with, there would have been substantially less delay, no need for a jurisdictional offer, and no unnecessary litigation. While the Klemms' conveyance allowed prompt entry, a condemnor who proceeds with a jurisdictional offer need not wait until the conclusion of the proceedings to enter into possession. *See* WIS. STAT. § 32.12 ("At any stage of the proceedings the court in which they are pending may authorize the person, if in possession, to continue in possession, and if not in possession to take possession and have and use the lands during the pendency of the proceedings."). Further, the route the Klemms used to arrive before the condemnation commission is not significantly less burdensome or time-consuming for a condemnor than the alternative route involving an appeal from a jurisdictional offer. Indeed, because an owner may appeal an agreed price up to six months later, that route might easily be the slower of the two. Moreover, the Klemms' route might be viewed as *more* burdensome to the condemnor, who believes the matter has already been resolved.