Mark KLEMM and Jeanne Klemm,
Plaintiffs-Respondents-Petitioners,

v.

AMERICAN TRANSMISSION COMPANY, LLC,
Defendant-Appellant.

Supreme Court

*No. 2009AP2784. Oral argument April 14, 2011.
—Decided May 26, 2011.*

2011 WI 37

(Also reported in 798 N.W.2d 223.)

For the plaintiffs-respondents-petitioners there were briefs by *Shane J. VanderWaal* and *Pietz, Vanderwaal, Stacker & Rottier, S.C.,* Wausau, and oral argument by *Shane Jon VanderWaal.*

For the defendant-appellant there was a brief by *Steven M. Streck, Sara K. Beachy,* and *Axley Brynelson, LLP,* Madison, and oral argument by *Steven M. Streck.*

An amicus brief was filed by *Robert W. Roth, Joseph C. Niebler, Jr., James B. Hanley* and *Niebler, Pyzyk, Roth & Carrig, L.L.P.,* Menomonee Falls and *Frank J. Jablonski* and *Progressive Law Group L.L.C,* Madison and *Michael R. Bauer* and *Bauer & Bach L.L.C.,* Madison as Eminent Domain Attorneys, and oral argument by *Robert W. Roth.*

¶ 1. SHIRLEY S. ABRAHAMSON, C.J.   This is a review of a published opinion of the court of appeals[1] reversing the judgment of the circuit court for Marathon County, Greg Huber, Judge. This review involves litigation expenses[2] under Wis. Stat. § 32.28(3)(d) (2009–10)[3] in a condemnation proceeding between American Transmission Company, LLC (ATC) and Mark Klemm and Jeanne Klemm, the condemnees.

¶ 2.   This case presents a question of statutory interpretation:   Shall litigation expenses be awarded to an owner of property pursuant to Wis. Stat. § 32.28(3)(d) if:

- the owner conveys the property under the negotiated price procedure and receives a certificate of

---

[1] *Klemm v. Am. Transmission Co., LLC,* 2010 WI App 131, 329 Wis. 2d 415, 791 N.W.2d 233.

[2] Wisconsin Stat. § 32.28(1) defines "litigation expenses" as "the sum of the costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees necessary to prepare for or participate in actual or anticipated proceedings before the condemnation commissioners, board of assessment or any court under this chapter."

[3] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

compensation pursuant to § 32.06(2a), with no jurisdictional offer issued under § 32.06(3);

- the owner timely appeals to the circuit court, which refers the matter to the chairperson of the county condemnation commissioners for a hearing;

- the owner is awarded at least $700 and at least 15% more than the negotiated price under § 32.06(2a); and

- neither party appeals the commission's award?[4]

¶ 3. The question whether or not litigation expenses shall be awarded when an appeal is taken from a "negotiated price" recorded in a certificate of compensation was identified soon after the legislature's 1977 revision of chapter 32, entitled "Eminent Domain." In 1979, James Thiel, the director of the office of advisory services of the Wisconsin Department of Transportation at that time, wrote: "It is not clear whether litigation expenses may be awarded if an appeal is taken from a negotiated price, i.e. certificate of compensation."[5] Thirty years have elapsed. The court is now asked to resolve the question posed by the statutes and identified by James Thiel in 1979.

---

[4] Wisconsin Stat. § 32.28(3)(d) applies when neither party appeals the award to the circuit court. In the present case, neither party appealed the commission's award to the circuit court.

[5] James S. Thiel, *New Developments in Law of Eminent Domain, Condemnation and Relocation,* Wis. Bar Bull., June 1979, at 23, 25.

James Thiel is now Counsel in the Office of General Counsel of the Department of Transportation.

Wisconsin Stat. § 32.05(2a), which governs condemnation in transportation and sewerage cases, is substantially the same

¶ 4. The circuit court answered the question presented in the affirmative. The court of appeals answered in the negative, ruling that Wis. Stat. § 32.28(3)(d) permits an award of litigation expenses only when a jurisdictional offer has been made.

¶ 5. We examine the texts of Wis. Stat. § 32.06 and § 32.28(3)(d) (the statutes at issue), the statutes in the context of the condemnation statutes, the legislative purpose of awarding litigation expenses, and the legislative history of §§ 32.06 and 32.28(3)(d). Upon such review, we conclude that litigation expenses shall be awarded to an owner pursuant to Wis. Stat. § 32.28(3)(d) if the owner conveys the property and receives a certificate of compensation pursuant to § 32.06(2a), with no jurisdictional offer issued under § 32.06(3); timely appeals to the circuit court, which refers the matter to the chairperson of the county condemnation commissioners; and is awarded at least $700 and at least 15% more than the negotiated price under § 32.06(2a); and neither party appeals the commission's award. We consider but are not persuaded by various arguments ATC makes criticizing the circuit court's and our interpretation of Wis. Stat. §§ 32.06(2a) and 32.28(3)(d) that the condemnees in the present case shall be awarded litigation expenses. Accordingly, we reverse the decision of the court of appeals.[6]

as § 32.06(2a), which governs most other condemnation proceedings. Attorney Thiel wrote about both sections and § 32.28(3).

[6] Several attorneys who routinely represent owners in condemnation actions filed a non-party (amicus curiae) brief arguing that the decision of the court of appeals violates equal protection. We need not address the equal protection argument

585

I

¶ 6.    The underlying facts in the case are brief and undisputed. In stating the facts we set forth the two statutes at issue.

¶ 7.    ATC initiated condemnation proceedings against the condemnees under Wis. Stat. § 32.06 for an easement to construct an electrical transmission line across the condemnees' property. More specifically, the parties proceeded under subsection (2a) of § 32.06, entitled "Agreed Price." Thus, § 32.06(2a) governs the condemnation proceeding in the present case.

¶ 8.    Under Wis. Stat. § 32.06(2), the condemnor obtains at least one appraisal of the property to be taken. Under § 32.06(2a), the condemnor is required to "attempt to negotiate personally with the owner" of the property to be taken "before making the jurisdictional offer." The statute requires the condemnor to record any conveyance from the owner to the condemnor "executed as a result of negotiations under this subsection."[7]

¶ 9.    In addition, under Wis. Stat. § 32.06(2a), the condemnor must record a certificate of compensation detailing among other matters the compensation for the acquisition. The condemnor must also serve a copy of the certificate of compensation on the owner, including "a notice of the right to appeal [six months from the

because our interpretation of the statutes leads us to reverse the decision of the court of appeals.

[7] For a discussion of Wis. Stat. § 32.06(2a), see Ross F. Plaetzer, Comment, *Statutory Restrictions on the Exercise of Eminent Domain in Wisconsin: Dual Requirements of Prior Negotiation and Provision of Negotiating Materials,* 63 Marq. L. Rev. 489 (1979–80).

date of recording the certificate] the amount of compensation under this subsection."

¶ 10. Wisconsin Stat. § 32.06(2a) provides in relevant part as follows:

(2a) Agreed price. *Before making the jurisdictional offer under sub. (3)* the condemnor shall attempt to negotiate personally with the owner . . . of the property . . . for the purchase of the same. . . . The condemnor shall record any conveyance by or on behalf of the owner of the property to the condemnor executed as a result of negotiations under this subsection with the register of deeds. . . . The condemnor shall also record a certificate of compensation stating . . . the compensation for such acquisition. The condemnor shall serve upon . . . [the owner] the statement and a notice of the right to appeal the amount of compensation under this subsection. Any person named in the certificate may, within 6 months after the date of its recording, appeal from the amount of compensation therein stated by filing a petition with the judge of the circuit court of the county in which the property is located for proceedings to determine the amount of just compensation. . . . The judge shall forthwith assign the matter to the chairperson of the county condemnation commissioners for hearing under sub. (8) . . . (emphasis added).

¶ 11. ATC provided the condemnees with an appraisal that estimated the fair market value of the easement at $7,750. The condemnees agreed to convey the easement for that price. Proceeding under Wis. Stat. § 32.06(2a), ATC recorded a conveyance from the condemnees to ATC, as well as the certificate of compensation (in proper statutory form) in the amount of $7,750.

¶ 12. In compliance with Wis. Stat. § 32.06(2a), the condemnees filed a Notice of Appeal and Petition with the judge of the circuit court for Marathon County.

587

Adhering to the statute, the circuit court referred the matter to the chairperson of the county condemnation commissioners for a hearing under § 32.06(8). The commission awarded the condemnees $10,000 as just compensation for the value of the easement.

¶ 13.   Following the commission's award, ATC and the condemnees negotiated a settlement for $30,000 as compensation for the easement. The settlement provided that neither party would appeal the commission's award but that the circuit court for Marathon County would determine whether the condemnees are entitled to litigation expenses under Wis. Stat. § 32.28(3)(d).[8]

¶ 14.   Wisconsin Stat. § 32.28(3)(d) provides for awarding litigation expenses to the condemnee when "[t]he award of the condemnation commission under s. 32.05(9) or 32.06(8) exceeds the jurisdictional offer *or the highest written offer prior to the jurisdictional offer* by at least $700 and at least 15% and neither party appeals the award to the circuit court . . ." (emphasis added).

¶ 15.   The condemnees filed a motion in circuit court seeking an order awarding litigation expenses. The circuit court ruled that the condemnees were entitled to litigation expenses under Wis. Stat. § 32.28(3)(d). The parties stipulated to an amount of litigation expenses and the circuit court entered final judgment for the condemnees. ATC filed an appeal.

¶ 16.   The court of appeals ruled that the condemnees were not entitled to litigation expenses under Wis. Stat. § 32.28(3)(d). This court granted the condemnees' petition for review.

---

[8] The parties agreed that the additional sums paid the condemnees under the settlement were not relevant to the circuit court's decision of litigation expenses.

## II

■

¶ 17. The instant case presents a question of statutory interpretation and application of statutes to undisputed facts. This court will ordinarily decide the interpretation of the statutes and the application of the statutes to undisputed facts independently of the circuit court or court of appeals but benefiting from their analyses.

## III

■

¶ 18. Statutory interpretation begins with the text of the statute. Statutory language is construed according to its common and approved usage; technical words and phrases and others that have a peculiar meaning in the law shall be construed according to such meaning.[9] Statutes are interpreted to give effect to each word and to avoid surplusage.[10] The statutory language is examined within the context in which it is used.[11] An

---

[9] Wis. Stat. § 990.01(1).

[10] *See State v. Martin,* 162 Wis. 2d 883, 894, 470 N.W.2d 900 (1991) ("A statute should be construed so that no word or clause shall be rendered surplusage and every word if possible should be given effect." (quoting *Donaldson v. State,* 93 Wis. 2d 306, 315, 286 N.W.2d 817 (1980))).

[11] *See Juneau County v. Courthouse Employees, Local 1312,* 221 Wis. 2d 630, 641, 585 N.W.2d 587 (1998) ("The circuit court properly stated that in resolving the issue of statutory interpretation . . . it must examine first the statutory language and then the statute in context.")

*See also Landis v. Physicians Ins. Co. of Wis., Inc.,* 2001 WI 86, ¶ 16, 245 Wis. 2d 1, 628 N.W.2d 893 ("[A]lthough 'it is true

interpretation that fulfills the purpose of the statute is favored over one that undermines the purpose.[12]

¶ 19.   Wisconsin Stat. § 32.28(3)(d) provides:

(3)   In lieu of costs under ch. 814, litigation expenses shall be awarded to the condemnee if:

. . . .

(d)   The award of the condemnation commission under s. 32.05(9) or 32.06(8) exceeds the jurisdictional offer or the highest written offer prior to the jurisdictional offer by at least $700 and at least 15% and neither party appeals the award to the circuit court; . . . .

¶ 20.   In analyzing the text of 32.28(3)(d), we point out that in the instant case the award of the condemnation commission was made under Wis. Stat. § 32.06(8); no jurisdictional offer was made; no jurisdictional offer was required under the statutes; the condemnor made a written offer; the condemnation commission award, $10,000, exceeds the agreed price, $7,750, by more than $700 and 15%; and neither party appealed the award to the circuit court.

¶ 21.   The focus of the present case is on that part of the text of Wis. Stat. § 32.28(3)(d) that requires that the county condemnation commission award "*exceed[ ] . . . the highest written offer prior to the jurisdictional offer*" (emphasis added). The parties ask us to

that statutory interpretation begins with the language of the statute, it is also well established that courts must not look at a single, isolated sentence or portion of a sentence, but at the role of the relevant language in the entire statute.' " (quoting *Alberte v. Anew Health Care Servs.,* 2000 WI 7, ¶ 10, 232 Wis. 2d 587, 605 N.W.2d 515)).

[12] *County of Dane v. LIRC,* 2009 WI 9, ¶ 34, 315 Wis. 2d 293, 759 N.W.2d 571.

interpret this language and to determine whether it applies to the negotiated price appeal route set forth in § 32.06(2a) in which there is no jurisdictional offer.

¶ 22. As we explained above, the parties proceeded under Wis. Stat. § 32.06(2a), the negotiated price appeal route. No jurisdictional offer was made or required. The record does not contain a written offer from ATC to the condemnees. The signed easement materials, including the certificate of compensation, are in writing and are in effect a written offer from the condemnor. The phrase "written offer" appearing in Wis. Stat. § 32.28 does not appear any other place in chapter 32. We give the phrase "written offer" in § 32.28 its ordinary meaning in common usage, not a peculiar meaning in the law.

¶ 23. Both the circuit court and the court of appeals agreed that the statutory language of Wis. Stat. § 32.28(3)(d) was plain, clear, and unambiguous. Nevertheless, the two courts came to opposite conclusions about the meaning of the statute and its application to the present case.

¶ 24. The different results reached by the two courts may be explained by their different approaches to statutory interpretation. The circuit court interpreted the text of Wis. Stat. § 32.28(3)(d) by focusing on the clause "highest written offer," and by examining §§ 32.06(2a) and 32.28(3)(d) in the context of the condemnation statutes.

¶ 25. In contrast, the court of appeals interpreted the text of § 32.28(3)(d) by focusing on the clause "prior to the jurisdictional offer" in isolation, without looking at this phrase in the context of the condemnation statutes. Because the court of appeals concluded that

the text of § 32.28(3)(d) was plain, it determined that it
need not harmonize the statute with other provisions in
chapter 32.

¶ 26. The circuit court viewed the "negotiated price" under Wis. Stat. § 32.06(2a) as a written offer by the condemnor within the meaning of the phrase "written offer" used in § 32.28(3)(d). It viewed the clause "prior to the jurisdictional offer" as having significance had a jurisdictional offer been made. If a jurisdictional offer had been made, the highest written offer prior to the jurisdictional offer would determine whether litigation expenses are awarded under § 32.28(3)(d). The circuit court did not interpret § 32.28(3)(d) as requiring that a jurisdictional offer be made for litigation expenses to be awarded.

¶ 27. The circuit court interpreted Wis. Stat. § 32.28(3)(d) by examining the statute in the context of the condemnation statutes. The circuit court explained that the legislature created two different routes by which the parties would reach the county condemnation commission and then get court review. One route is the route the parties in the present case took: the negotiated price appeal route. This route is used, according to § 32.06(2a), *before* the condemnor makes a jurisdictional offer. As we explained above and as the circuit court explained, § 32.06(2a) begins by stating that "[b]efore making the jurisdictional offer," the condemnor shall attempt to reach a negotiated price. The last step under § 32.06(2a) is for the judge to refer the matter to the chairperson of the county condemnation commissioners for a hearing under § 32.06(8). Section 32.06(8) is referenced in § 32.28(3)(d), governing litigation expenses; § 32.28(3)(d) explicitly governs awards of the condemnation commission under § 32.06(8).

¶ 28. The other route is for the condemnor to make a jurisdictional offer under Wis. Stat. § 32.06(3). This route begins with the condemnor getting an appraisal under § 32.06(2). If the parties cannot reach a negotiated price under § 32.06(2a), the condemnor presents the condemnee with a jurisdictional offer. Wis. Stat. § 32.06(3). If the condemnee accepts the jurisdictional offer, the condemnation process is completed with a transfer of title. Wis. Stat. § 32.06(6). No further litigation is contemplated.

¶ 29. If the condemnee rejects the jurisdictional offer, the condemnor may proceed with a petition in condemnation before the circuit court. Wis. Stat. § 32.06(7). The judge assigns the matter of determining the amount of just compensation to the chairperson of the county condemnation commissioners for a hearing under Wis. Stat. § 32.06(8). Section 32.06(8) is referenced in § 32.28(3)(d) governing litigation expenses; § 32.28(3)(d) explicitly governs awards of the condemnation commission under § 32.06(8).[13]

¶ 30. Regardless of whether the parties proceed under the negotiated price appeal route or the jurisdictional offer route, the county condemnation commis-

---

[13] Either party may appeal the award of the county condemnation commission to the circuit court. Wis. Stat. § 32.06(10). If a condemnation commission award is appealed to the circuit court, then § 32.28(3)(f), (g), and (h) apply to determine whether a condemnee receives litigation expenses. Each subsection includes the language "or the highest written offer prior to the jurisdictional offer." Each scenario presented by subsections (f), (g), and (h) can be reached either through the negotiated price appeal route or the jurisdictional offer route. Our interpretation of "or the highest written offer prior to the jurisdictional offer" can be consistently applied to these subsections of Wis. Stat. § 32.28.

sion and court procedures are the same. The circuit court concluded correctly that "the statutory condemnation procedure offers two different routes to the same destination."

¶ 31. The circuit court concluded that the plain language of Wis. Stat. § 32.28(3)(d) "makes litigation expenses available under both of the litigation scenarios . . . ." The circuit court further concluded that a jurisdictional offer need not be made; "the 'prior to' language of § 32.28(3)(d) echoes the beginning words of § 32.06(2a), which requires that negotiations be attempted '[b]efore making the jurisdictional offer.' " Thus, when § 32.28(3)(d) refers "to the jurisdictional offer or the highest written offer prior to the jurisdictional offer," it is referring to the two routes—the jurisdictional offer route and the negotiated price appeal route.

¶ 32. In contrast, the court of appeals based its interpretation on the text of Wis. Stat. § 32.28(3)(d), focusing on the use of the article "the" in the phrase "The award of the condemnation commission exceeds . . . the highest written offer prior to *the* jurisdictional offer . . . ." According to the court of appeals, § 32.28(3)(d) provides for litigation expenses only when there has been a jurisdictional offer.

¶ 33. Resting its decision on the article "the" in § 32.28(3)(d), the court of appeals concluded: "The use of the article 'the' anticipates that there is, in fact, a jurisdictional offer."[14] Because no jurisdictional offer was made in the present case, the court of appeals held that the condemnees were not entitled to litigation expenses under § 32.28(3)(d).

---

[14] *Klemm,* 329 Wis. 2d 415, ¶ 10.

¶ 34. The court of appeals' emphasis on the article "the" in its interpretation of § 32.28(3)(d) cannot be consistently applied in interpreting § 32.28(3) and § 32.06(2a).

¶ 35. The article "the" is used throughout § 32.06(2a), when the article "a" or "an" might be more grammatically correct. For instance, § 32.06(2a) provides that "the condemnor shall consider *the* owner's appraisal under sub. (2)(b)" (emphasis added), although an owner may not always obtain an appraisal. Likewise, the first words in Wis. Stat. § 32.06(2a) are: "Before making *the* jurisdictional offer . . . " (emphasis added). This phrase cannot reasonably be interpreted to contemplate, in the words of the court of appeals, that "there is, in fact, a jurisdictional offer."[15] The plain objective of § 32.06(2a) is that the parties come to a negotiated agreement such that a jurisdictional offer is unnecessary. Indeed, the condemnor is required to negotiate with the owner before a jurisdictional offer can be made.[16]

██

¶ 36. We have considered the interpretations of the circuit court and court of appeals and the arguments of the parties. We are persuaded by the circuit

_____

[15] *Id.*

[16] *Warehouse II, LLC v. DOT,* 2006 WI 62, 291 Wis. 2d 80, 715 N.W.2d 213 (§ 32.06(2a) requires that a condemnor negotiate with the owner in good faith before issuing a jurisdictional offer); *Arrowhead Farms, Inc. v. Dodge County,* 21 Wis. 2d 647, 651–52, 124 N.W.2d 631 (1963) ("[T]he condemnor stipulated that it did not negotiate with the property owner as required by sec. 32.05(2a), Stats. Because such negotiation is a necessary condition of conferring jurisdiction upon the administrative body and the court to determine just compensation, the judgment would be invalid . . . .").

court's interpretation of the text and context of the statutes. The court of appeals' emphasis on the article "the" is too restrictive a reading of the statute; the emphasis on "the" does not fit the statutory language in § 32.06(2a) (and elsewhere in chapter 32), which uses the phrase "*the* jurisdictional offer" but does not require a jurisdictional offer to materialize. Furthermore, the emphasis on "the" is not consistent with the legislative purpose of awarding litigation expenses.

¶ 37.   We conclude that reading the text of Wis. Stat. § 32.28(3)(d) in the context of § 32.06(2a) and the condemnation statutes, as the circuit court did, is the appropriate method of statutory interpretation. Chapter 32 of the Wisconsin Statutes provides comprehensive statutory procedures for condemnation. Wisconsin Stat. § 32.06 sets forth the condemnation procedures used in the present case. Wisconsin Stat. § 32.28 governs litigation expenses in chapter 32 proceedings.

¶ 38.   Section 32.06(2a) sets forth a sequential process of reaching just compensation. Negotiations under Wis. Stat. § 32.06(2a) must be attempted by the condemnor "[b]efore making the jurisdictional offer . . . ." Nothing in Wis. Stat. § 32.06(2a) suggests that the legislature excluded owners from recovering litigation expenses if they proceeded only under § 32.06(2a). Instead, § 32.06(2a) expressly allows the owner to challenge the negotiated price through the same appeals process established for owners who receive and reject a jurisdictional offer.

¶ 39.   The text of § 32.28(3)(d) explicitly governs litigation expenses when condemnation awards are made by the county condemnation commission under § 32.06(8). Both the negotiated price appeal route and the jurisdictional offer route are heard by the county condemnation commission under § 32.06(8).

596

¶ 40. Evaluating the statutory language of Wis. Stat. § 32.28(3)(d) and § 32.06(2a) within the context of the comprehensive condemnation statutes, we conclude that an owner who accepts the negotiated price under § 32.06(2a), timely appeals that price, and subsequently receives an award from the county condemnation commission that exceeds the thresholds under § 32.28 shall be awarded litigation expenses. This interpretation is consistent with, and supported by, the language of the statutes in the context of the condemnation statutes. This interpretation is also supported by the legislative purpose of chapter 32 and Wis. Stat. § 32.28(3) and by the legislative history.

IV

¶ 41. The legislative purpose of chapter 32 and specifically of Wis. Stat. § 32.28(3) supports our interpretation of Wis. Stat. §§ 32.06(2a) and 32.28(3)(d) that the condemnees in the present case are entitled to litigation expenses.

¶ 42. Under the American Rule, litigants must pay their own attorney fees unless there is a statute or enforceable contract providing otherwise.[17] Litigation expenses are not ordinarily part of just compensation.[18] The determination of whether litigation expenses may

---

[17] *Kolupar v. Wilde Pontiac Cadillac, Inc.,* 2004 WI 112, ¶ 17, 275 Wis. 2d 1, 683 N.W.2d 58; *Elliott v. Donahue,* 169 Wis. 2d 310, 323–25, 485 N.W.2d 403 (1992).

[18] *Wieczorek v. City of Franklin,* 82 Wis. 2d 19, 23, 260 N.W.2d 650 (1978); *Martineau v. State Conservation Comm'n,* 54 Wis. 2d 76, 85, 194 N.W.2d 664 (1972); *W.H. Pugh Coal Co. v. State,* 157 Wis. 2d 620, 634–35, 460 N.W.2d 787 (Ct. App. 1990).

be shifted is a matter of policy to be determined by the legislature.[19]

¶ 43. To assist us in determining the meaning and application of Wis. Stat. § 32.28(3)(d), a litigation-expense-shifting statute, we explore the legislative purpose in awarding litigation expenses under Wis. Stat. § 32.28(3).

■

¶ 44. The court has concluded, in cases in which a jurisdictional offer was made and a condemnee asserted a right to litigation expenses, that the litigation expense statute has a dual purpose. The legislature's dual purpose in awarding litigation expenses under the jurisdictional offer route is "(1) to discourage the condemnor from making inequitably low jurisdictional offers and (2) to make the condemnee, who meets the statutory requirements, whole."[20]

¶ 45. The same dual purpose identified in awarding litigation expenses pursuant to Wis. Stat. § 32.28(3) in cases in which a jurisdictional offer is made is

---

[19] *Wieczorek,* 82 Wis. 2d at 23 ("The allowance of attorney's fees in condemnation cases is a matter of policy to be determined by the legislature . . . .").

Generally there is a "rule against taxation of costs against the state in the absence of a statute expressly allowing such taxation." *Martineau,* 54 Wis. 2d at 85.

[20] *Redev. Auth. of City of Green Bay v. Bee Frank, Inc.,* 120 Wis. 2d 402, 411, 355 N.W.2d 240 (1984) (citing *Standard Theatres v. DOT,* 118 Wis. 2d 730, 741, 349 N.W.2d 661 (1984)).

In *Warehouse II,* 291 Wis. 2d 80, ¶ 33, the court concluded that the purpose of chapter 32 "is driven by the legislative decision to make condemnees whole through lightening the financial burden of successful challenges and to discourage inequitable jurisdictional offers during the exercise of the extraordinary power of condemnation."

applicable to the present case in which the negotiated price appeal route was taken. It is unreasonable to conclude that the legislature intended to treat better the contentious owner who forces the condemnor to go through the hoops of a jurisdictional offer than the cooperating owner who takes the negotiated price appeal route. Thus, the dual purpose of § 32.28(3)(d) may be stated as follows: Section 32.28(3)(d) was enacted to induce the condemnor to offer (whether under the negotiated price appeal route or the jurisdictional offer route) just compensation or reimburse the condemnee for litigation expenses associated with an offer of compensation that is significantly less than just compensation.

¶ 46. This statement of the dual purpose of § 32.28(3)(d) in a negotiated price appeal case is in keeping with *Warehouse II, LLC v. State of Wisconsin Dep't of Transp.*, 2006 WI 62, ¶ 33, 291 Wis. 2d 80, 715 N.W.2d 213, in which the court summarized the purpose of the entirety of § 32.28 as "a legislative policy choice to encourage condemnors to take seriously commencing a condemnation action, to make fair jurisdictional offers and to carefully follow the condemnation statutes."[21]

¶ 47. Although the *Warehouse II* court examined § 32.28(3)(b), which allows litigation expenses when the court determines the condemnor does not have the right to condemn the property, the *Warehouse II* court nevertheless interpreted Wis. Stat. § 32.28(3) as a whole and stated that the circumstances in which condemnees recover litigation expenses under § 32.28(3) are those in which the condemnor has not made a reasonable offer to the owner. The court stated the underlying rationale of all of the subsections of § 32.28(3) as follows:

---

[21] *Warehouse II*, 291 Wis. 2d 80, ¶ 29.

[A]ll [are] directed at actions that significantly short-change the property owner in some respect. For example, in paras. (3)(d)-(i), if the compensation offered by the condemnor was at least $700 and 15% too low, the condemnee "shall" be awarded the reasonable litigation expense incurred. . . . These paragraphs of subsec. (3) level the playing field by shifting the obligation to pay expenses that may have been unnecessary if the condemnor shouldered its responsibilities properly.[22]

¶ 48.   In a similar vein, the *Warehouse II* court also declared that "the overall purpose of the 1977 amendments was to provide more specific and concrete opportunities to recover litigation expenses for condemnees with legitimate challenges to the actions of condemnors."[23]

¶ 49.   The condemnees in the present case have a legitimate challenge to the price offered by ATC.

¶ 50.   We conclude that our interpretation of Wis. Stat. § 32.28(3)(d) comports with the legislative purpose in awarding litigation expenses under Wis. Stat. § 32.28(3). Shifting litigation expenses to the condemnor, whether under the negotiated price appeal route or the jurisdictional offer route, ensures that the condemnee need not bear the cost of obtaining a fair amount of compensation for the property taken. An award of litigation expenses in the present case discourages the condemnor from offering an inequitably low negotiated price and makes the condemnee, who meets the statutory requirements, whole.

V

¶ 51.   The legislative history of § 32.28(3)(d) gives some support to our interpretation of Wis. Stat.

---

[22] *Id.,* ¶ 22.
[23] *Id.,* ¶ 33.

§§ 32.06(2a) and 32.28(3)(d) that the condemnees in the present case shall be awarded litigation expenses.

¶ 52. The eminent domain statutes were substantially revised in 1977 by Laws of 1977, ch. 440, which was the culmination of the work of the Legislative Council Special Committee on Eminent Domain.

¶ 53. Prior to 1977, the statutes permitted recovery of costs and attorney fees only when a condemnor abandoned the condemnation proceeding after the commission's award.[24] The statutes did not permit recovery when the purchase price was negotiated or when a jurisdictional offer was too low.

¶ 54. A goal of the Legislative Council Special Committee on Eminent Domain was to change the law to allow litigation expenses when a condemnee receives more money through an action or appeal than was originally offered.[25] An award of litigation expenses was needed, according to the Special Committee, because it

---

[24] Wis. Stat. § 32.06(6)(a) (1975–76).

[25] *See, e.g.,* Legislative Council Staff Brief 77–7, at 3, 4 (June 13, 1977):

Present Wisconsin Statutes do not permit recovery of any costs or expenses where the purchase price is negotiated or where the award of the condemnation commissioners is accepted by the condemnee. The condemnee bears his own expenses even when the circuit court judge or jury find the jurisdictional award too low.

. . . .

. . . [M]any landowners may settle out of court for less than full compensation, in the knowledge that the cost of obtaining a fair price may exceed the difference between such price and the condemnor's offer.

The intent of the attorney fee statutes is thus not to encourage litigation, but to equalize the bargaining position of condemnor and condemnee so that the former's offers and settlements will more nearly reflect full value.

was not fair that a condemnee had to pay the expenses of litigation to receive a fair and reasonable amount of compensation.[26]

¶ 55. Although the proceedings of the Special Committee demonstrate that the purpose of the more robust litigation-expense-shifting statute is to allow condemnees to receive a fair and reasonable amount of compensation, the materials speak in terms of jurisdictional offers and jury awards. That references are to jurisdictional offers and jury awards, and that no refer-

Legislative Council materials are on file with the Wis. Legislative Council and the Wis. Legislative Reference Bureau, Madison, Wis.

[26] *See* Legislative Council Report no. 77–28, at 5 (Dec. 12, 1977):

[T]he Bill awards statutory costs to the successful party in condemnation actions .... The condemnee is the "successful party" whenever the award of the commissioners or verdict of the court exceeds the jurisdictional offer. ...

The costs of condemnation actions are often a problem when the condemnation proceedings involve a condemnation commission. When the condemnee appeals the basic award, the condemnation commission's award is often higher than the jurisdictional offer. If the condemnor then appeals, the jury verdict is often less than the condemnation commission's award, although still more than the basic award. Under these facts, the current statutes provide that the condemnee must pay the costs of the appeal by the condemnor to the court.

This Bill changes this result and requires the condemnor to pay the costs of the condemnee's appeal if either the award of the commissioners or the verdict of the court is more than the jurisdictional offer. The Bill thus assures that the condemnee need not bear the cost of obtaining a fair amount of compensation for property taken.

Legislative Council materials are on file with the Wis. Legislative Council and the Wis. Legislative Reference Bureau, Madison, Wis.

ence is made to negotiated price appeals or to "the highest written offer prior to the jurisdictional offer," is to be expected because the only route to the county condemnation commission or a jury was, under the Special Committee materials, through the jurisdictional offer route. The Special Committee did not propose the negotiated price appeal route that ultimately became part of the 1977 legislation.

¶ 56. Accordingly, the legislative history evidenced by the material of the Legislative Council Special Committee on Eminent Domain does not enlighten us about the legislature's intended meaning of the language "or the highest written offer prior to the jurisdictional offer."

¶ 57. The legislative drafting record of ch. 440 of the Laws of 1977 provides some guidance about the meaning of the language "or the highest written offer prior to the jurisdictional offer," as it relates to an action arising from the negotiated price appeal route.

¶ 58. The legislature added both the negotiated price appeal route in Wis. Stat. § 32.06(2a) and the language "or the highest written offer prior to the jurisdictional offer" in § 32.28(3)(d).

¶ 59. Representative Francis J. Lallensack, a member of the Assembly Highway Committee, asked the Legislative Reference Bureau to draft an amendment to Wis. Stat. § 32.06(2a) adding the negotiated price appeal route.[27]

---

[27] Assembly Amendment 8 added the following language to § 32.06(2a):

The condemnor shall record any conveyance by or on behalf of the owner of the property to the condemnor executed as a result of negotiations under this subsection with the register of deeds of the county in which the property is located. The condemnor shall also record a certificate of compensation stating the identity of all persons having an interest of record in the property immediately

¶ 60. Thomas S. Hanson, who had been the chairperson of the Special Committee,[28] and Representative Carl Otte[29] asked the Legislative Reference Bureau to draft an amendment adding the words "or the highest written offer prior to the jurisdictional offer" to Wis. Stat. § 32.28(3)(d) (and to other paragraphs of subsection § 32.28(3)).

> prior to its conveyance, the legal description of the property, the nature of the interest acquired and the compensation for such acquisition. The condemnor shall serve upon or mail by certified mail to all persons named therein a copy of the statement and a notice of the right to appeal the amount of compensation under this subsection. Any person named in the certificate may, within 2 years [subsequently amended to "6 months"] after the date of its recording, appeal from the amount of compensation therein stated by filing a petition with the judge of the circuit court of the county in which the property is located for proceedings to determine the amount of just compensation. Notice of such petition shall be given to all persons having an interest of record in such property. The judge shall forthwith assign the matter to the chairperson of the county condemnation commissioners for hearing under sub. (8). The procedures prescribed under subs. (9)(a) and (b), (10), (12) and 13 [subsequently amended to "subs. (9)(a) and (b), (10), and 12 and chs. 808 and 809"] shall govern such appeals. The date the conveyance is recorded shall be treated as the date of taking and the date of evaluation.

The amendment also added substantially similar language to 32.05(2a).

*See* drafting request for Assembly Amendment 8 in drafting record for Laws of 1977, ch. 440, on file with the Wis. Legislative Reference Bureau, Madison, Wis.

[28] *See* Legislative Council Report no. 77–27, at ii (Sept. 19, 1977).

Legislative Council materials are on file with the Wis. Legislative Council, and the Wis. Legislative Reference Bureau, Madison, Wis.

[29] *See* drafting request for Assembly Amendment 6 in drafting record for Laws of 1977, ch. 440, on file with the Wis. Legislative Reference Bureau, Madison, Wis.

¶ 61. Nothing in the legislative history clarifies the impetus for these amendments.

¶ 62. There is nothing explicit in the drafting records that suggests that the creation of the negotiated price appeal route in § 32.06(2a) is tied to the words "or the highest written offer prior to the jurisdictional offer" in Wis. Stat. § 32.28(3)(d). Nevertheless, the legislature adopted the two amendments contemporaneously, and we may surmise that the legislature intended to include condemnees who enforced their statutory rights under the negotiated price appeal route in § 32.06(2a) under the words "or the highest written offer prior to the jurisdictional offer" in Wis. Stat. § 32.28(3)(d).

¶ 63. The legislative history of the two revisions to ch. 32 provides no evidence contrary to our interpretation of § 32.28(3)(d) as providing condemnees litigation expenses regardless of whether the negotiated price appeal route or the jurisdictional offer price route is used to get a county condemnation commission determination of just compensation.

¶ 64. We conclude that the limited legislative history gives some support to our interpretation of the statutory language to provide condemnees litigation expenses when the owner agrees to a price with a condemnor under Wis. Stat. § 32.06(2a); timely appeals; and receives an award that is at least $700 and 15% greater than the negotiated price; and neither party appeals the commission's award.

¶ 65. This interpretation comports not only with the text and the text viewed in the context of the condemnation statutes, but with the legislature's purpose of promoting fair negotiations and providing owners with full compensation for property taken through the condemnation process.

## VI

¶ 66.   Before we wrap up, we address several arguments ATC makes criticizing the circuit court's and our interpretation of Wis. Stat. §§ 32.06(2a) and 32.28(3)(d) that the condemnees in the present case shall be awarded litigation expenses.

¶ 67.   ATC asserts that an interpretation that allows condemnees who accept a negotiated price to recover litigation expenses does not comport with the purpose of good faith negotiation. ATC contends that the condemnees in the present case did not negotiate with ATC, and that if the condemnees in the present case did not think that its offer was just compensation then they should have negotiated and should not have agreed to the price.

¶ 68.   We agree with ATC that the condemnees in the present case did not exhaust the options that the statutes provide them to more effectively negotiate just compensation. For instance, the condemnees did not get their own appraisal at the expense of ATC prior to agreeing on a price. The condemnees did not submit a counter-offer.

¶ 69.   That the condemnees in the present case did not use all of the procedures available to them to negotiate a price does not support ATC's conclusion that the statutes prevent the condemnees (and all other property owners reaching a negotiated price) from recovering litigation expenses when the condemnation award is $700 and 15% higher than the negotiated price. The statute provides that the condemnor shall record any conveyance by the owner "executed as a result of negotiations." By recording the conveyance, ATC appears to have indicated that the conveyance and the certificate of conveyance stating the compensation were

the result of negotiations. If the condemnor is not satisfied that the compensation was determined by good faith negotiations, the condemnor can make a jurisdictional offer.

¶ 70. ATC also suggests that our interpretation of Wis. Stat. § 32.28(3)(d) renders the phrase "prior to the jurisdictional offer" surplusage. We disagree with that assertion. In the present case there was no jurisdictional offer, yet the highest written offer presented to the plaintiffs occurred prior to any jurisdictional offer, just as the negotiations occurred "before making the jurisdictional offer," the beginning words of § 32.06(2a).

¶ 71. ATC further contends that the interpretation we reach will encourage litigation and will increase the cost of condemnation for the State and other condemnors. In turn, this added cost will be borne by the taxpayers or ratepayers. ATC asserts that our interpretation is bad public policy.

¶ 72. Fee shifting may encourage litigation by ensuring owners that they will have access to representation if they believe the condemnor's offer is inequitable.[30]

¶ 73. While it is axiomatic that an interpretation that allows condemnees to recover litigation expenses provides a greater opportunity for condemnees to exercise their statutory right to appeal a negotiated price and will increase the costs of condemnation, we disagree with ATC's assertion that this interpretation is not commensurate with the public policy established by the legislature. The legislature was advised of the potential fiscal impacts of enacting additional fee-shifting statutes

---

[30] "[A]n important purpose of fee-shifting statutes is to encourage injured parties to enforce their statutory rights when the cost of litigation, absent the fee-shifting provision, would discourage them from doing so." *Kolupar*, 303 Wis. 2d 258, ¶ 55.

in favor of condemnees.[31] That these increased costs are warranted is a decision for the legislature.

¶ 74. Further, we are not persuaded that our interpretation will open the floodgates for litigation in the condemnation process. First, as ATC itself acknowledges, in the majority of cases in which the condemnee and condemnor reach a negotiated settlement, the property owner is satisfied with the value received and there is no further litigation. Second, property owners recover litigation expenses only when the award is $700 and 15% higher than the offer. In many instances, owners will be reluctant to take the risk that the award will not reach these thresholds, in which case they must pay their own litigation expenses.

¶ 75. ATC suggests that as a result of our interpretation today, condemnors will present initial offers that exceed the just compensation value because of the specter of litigation expenses if the condemnor misses the mark. In other words, ATC argues that condemnors will consistently skew their initial offers higher than the actual value of the property. Such a result would not be in keeping with the legislative policy underlying eminent domain—that compensation must be just in regard to both the owner and the public.[32]

¶ 76. At the same time, the legislature has recognized that condemnors have an overwhelmingly strong bargaining position and by statute have tried to level the negotiating power between condemnors and owners to discourage condemnors from offering inequitably low

[31] *See* DOT Fiscal Estimate to 1977 A.B. 1077, at 6, 9, drafting record for 1977 ch. 440, available at the Legislative Reference Bureau, Madison, Wis.

[32] *City of Milwaukee Post No. 2874 Veterans of Foreign Wars of U.S. v. Redev. Auth. of the City of Milwaukee,* 2009 WI 84, ¶¶ 50–51, 319 Wis. 2d 553, 768 N.W.2d 749.

compensation and to ensure that owners receive just compensation for property taken. Awarding litigation expenses to a condemnee if the compensation that has been offered is too low is one means the legislature has adopted to foster just compensation.[33] Awarding litigation expenses has the same function in both the negotiated price appeal route and the jurisdictional offer route: to encourage condemnors to be fair and reasonable in calculating just compensation and to make the owner whole.

¶ 77. Valuation is not an exact science, and we acknowledge that litigation expenses may dwarf the difference between the compensation offered and that eventually awarded. We do not doubt that our interpretation of the litigation-expense-shifting statute will factor into the calculus made by condemnors in presenting written offers in the negotiation stage of the process. If the legislature concludes that we have not correctly interpreted Wis. Stat. § 32.28(3)(d), the legislature may amend the statutes.

¶ 78. Finally, ATC argues that if the court concludes that Wis. Stat. § 32.28(3)(d) applies in the present case, the court must address an additional issue. The court must determine, according to ATC, the starting point for awardable litigation expenses under Wis. Stat. § 32.28(1), which provides that the owner is not entitled to litigation expenses incurred prior to the need to "prepare for or participate in actual or anticipated proceedings before the condemnation commission."

---

[33] The legislature adopted several provisions intended to equalize the bargaining positions between the parties. For example, the legislature has provided that a condemnor must share its appraisal with the owner, pay for a second appraisal by a qualified appraiser of the owner's choosing, and provide the names of other owners to whom offers have been made. Wis. Stat. § 32.06(2), (2a).

¶ 79.  The date of the jurisdictional offer has been viewed as an appropriate date of demarcation from which expenses are necessary to prepare for or participate in actual or anticipated proceedings.[34] The jurisdictional offer is, according to case law, an "official completive action" from which litigation can be anticipated.

¶ 80.  ATC contends that there is no similar "official completive action" when a condemnor and condemnee reach a negotiated price. The circuit court determined that the equivalent "official completive action" under the negotiated price route is provided by Wis. Stat. § 32.06(2a), namely "when the parties agree on a price and the condemnor records the conveyance and the certificate of compensation; from that point, the condemnee has 6 months to file an appeal; at that point, proceedings before the commission can be anticipated."[35]

¶ 81.  We need not, and therefore do not, determine the "official completive action" in a negotiated price appeal like the present case. The parties in the instant case stipulated to the amount of litigation expenses to be awarded the condemnee following the

---

[34] *See D.S.G. Evergreen F.L.P. v. Town of Perry*, 2007 WI App 115, ¶ 17, 300 Wis. 2d 590, 731 N.W.2d 667; *Kluenker v. DOT*, 109 Wis. 2d 602, 606, 327 N.W.2d 145 (Ct. App. 1982).

[35] The circuit court examined the following language from *Kluenker:*

> Since there is no official completive action in a condemnation case until the jurisdictional offer, it follows that a condemnee cannot be certain of a condemnor's position until that juncture. Only then does the expectation of appeal to a commission accrue, not when the preliminary negotiations are set in motion which may or may not ultimately prove unsatisfactory.

*Kluenker,* 109 Wis. 2d at 606.

circuit court's award of litigation expenses to the condemnee. Because the issue of determining the specific "official completive action" from which time litigation expenses may be awarded is not presented by the facts of the present case, we do not address the issue.

¶ 82. In sum, the arguments of ATC do not persuade us that the circuit court's and our interpretation of Wis. Stat. §§ 32.06(2a) and 32.28(3)(d) is wrong.

\* \* \* \*

¶ 83. We have examined the texts of Wis. Stat. § 32.06 and § 32.28(3)(d) (the statutes at issue), the statutes in the context of the condemnation statutes, the legislative purpose of awarding litigation expenses, and the legislative history of §§ 32.06 and 32.28(3)(d). Upon such review, we conclude that litigation expenses shall be awarded to an owner pursuant to Wis. Stat. § 32.28(3)(d) if the owner conveys the property and receives a certificate of compensation pursuant to § 32.06(2a), with no jurisdictional offer issued under § 32.06(3); timely appeals to the circuit court, which refers the matter to the chairperson of the county condemnation commissioners; and is awarded at least $700 and at least 15% more than the negotiated price under § 32.06(2a); and neither party appeals the commission's award. We consider but are not persuaded by various arguments ATC makes criticizing the circuit court's and our interpretation of Wis. Stat. §§ 32.06(2a) and 32.28(3)(d) that the condemnees in the present case shall be awarded litigation expenses. Accordingly, we reverse the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is reversed.